[No. 11475.   In Bank. — October 23, 1888.]

PEDRONILLA FISCHER, APPELLANT, v. THE TRAV-
ELERS' INSURANCE COMPANY, RESPONDENT.

INSURANCE — ACCIDENT. — A provision in an accident insurance policy, that
the company shall not be responsible if the death or injury may have
been caused by intentional injuries inflicted by the insured or by any
other person, refers to intention on the part of a third person inflicting
the injury, without regard to whether the insured drew a brawl upon
himself, or intentionally engaged therein.   If the complaint upon such
a policy charges an intentional killing of the insured person without
provocation, a demurrer thereto is properly sustained.

APPEAL from a judgment of the Superior Court of
Santa Clara County.

The facts are stated in the opinion.

J. S. Wallis, and Laine & Johnston, for Appellant.

J. H. Campbell, and F. H. Howard, for Respondent.

FOOTE, C.— This action was brought by the plaintiff
to recover on what is ordinarily denominated an "acci-
dent insurance policy."

According to the facts as set out in the complaint, the
insured, who was the husband of the plaintiff, "while
peaceably, lawfully, and quietly engaged in his ordinary
business as butcher, in his office at Mountain View, in
said county of Santa Clara," was shot through the body
with a pistol, without provocation, by one George Lang-
ley, from which shot and wound thereby inflicted alone,
Fischer, the insured, died in a few hours.

The complaint was demurred to as not stating a cause
of action, the demurrer was sustained, and the plaintiff
declining to amend, a final judgment was given for the
defendant, from which this appeal is taken.

It is provided in the policy involved in this contro-
versy, among other things, that the company issuing the
policy shall not be responsible thereon, if the death or
injury for which indemnity is sought, "may have been

caused by . . . . intentional injuries inflicted by the insured or any other person.".

It is evident that the injuries inflicted in this instance, causing the death of the insured, were not inflicted by himself, but, according to the facts set out in the complaint, were caused by the act of one George Langley, without provocation.

We do not agree with counsel that the proviso refers to killing in some brawl which the insured draws upon himself, or intentionally engages in. We think it clear that the word " intentional" refers to intention on the part of the person inflicting the injury, and on his part only. It is not distinctly alleged that there was such intention here, and it might be a question whether or not the rule as to construing pleadings against the pleader would cover the defect. But the counsel for the appellant does not press this point, but has argued the case upon the assumption that the complaint charges an intentional killing. If it does, the demurrer was properly sustained.

We therefore advise that the judgment be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.