JOHN DE GRAW, RESPONDENT, v. THE NATIONAL ACCIDENT SOCIETY, APPELLANT.

*Certificate of membership, insuring the person against a specified class of accidental injuries only — construction given to a clause therein excepting "intentional injuries inflicted by the insured or any other person."*

In an action, brought upon a certificate of membership, in the nature of a policy of insurance against bodily injuries caused by external, violent and accidental means, issued by the defendant to the plaintiff, it appeared that the certificate contained, among other agreements and conditions, the following: "This certificate does not cover disappearance nor injuries of which there is no visible marks upon the body, nor accident, nor death, nor injury resulting wholly or partly, directly or indirectly, from * * * *intentional injuries inflicted by the insured or any other person.*" The complaint alleged that, while the certificate was in full force and operation, the plaintiff sustained certain injuries which

were alleged therein to have been inflicted as follows: That at the town of Candor, and on or about the 26th day of January, 1887, the plaintiff was in the night-time, and without fault on his part or provocation by him, feloniously assaulted and robbed in his store or place of business by some person or persons unknown; that such person or persons unknown, while engaged in committing said felonious assault and robbery upon the plaintiff, struck, maimed and wounded him and cut off his left hand with an axe, hatchet, knife or some other sharp and heavy instrument or weapon; that in consequence of said assault the plaintiff was wholly disabled and physically incapacitated for the pursuance of his usual and ordinary business.

Upon an appeal from an interlocutory judgment overruling a demurrer, interposed by the defendant on the ground that the complaint did not state facts sufficient to constitute a cause of action, the plaintiff contended that the agreement that such certificate should not cover "intentional injuries inflicted by the insured or any other person," only applied to such injuries as were intended by the assured, and which were either self-inflicted or which the insured intended to have inflicted by another, and that if the insured did not intend the inflictions of the injuries sustained by him they were accidental and not included in the said exception or agreement.

*Held*, that this construction of the agreement could not be sustained.

That the contract was not a contract of general indemnity, but of limited indemnity only, and was not intended as an insurance of the plaintiff against death or injury, however it might occur, but only to insure him against a specified class of accidental injuries from which an injury intentionally inflicted by the insured or any other person was expressly excluded.

*Travelers' Insurance Company* v. *McConkey* (17 Ins. Law Jour., 585–590; 38 Alb. Law Jour., 57); *Hutchcraft* v *Travelers' Insurance Company* (Id., 68); *Fischer* v. *Travelers' Insurance Company* (19 Pac. Rep., 425) followed.

APPEAL from an interlocutory judgment entered in the office of the clerk of Tioga county, on July 28, 1888, on an order overruling a demurrer interposed to the complaint herein, and, also, from the said order which was entered in the same office on the same day.

*Stephen W. Collins*, for the appellant.

*Mead & Darrow*, for the respondent.

MARTIN, J.:

This is an appeal from an interlocutory judgment entered on the decision of an issue of law arising upon a demurrer to the complaint herein. The ground of the demurrer was that the complaint did not state facts sufficient to constitute a cause of action. This action was founded on a certificate of membership, in the nature of a policy

of insurance against bodily injuries caused by external, violent and accidental means, issued by the defendant to the plaintiff. By such certificate the plaintiff was admitted to the benefits of the defendant society, by which not to exceed $5,000 was to be paid to the plaintiff's wife in case of his death, twenty-five dollars per week for twenty-six weeks to be paid to the plaintiff in case of an injury which should cause total disability for that time, and in lieu of such weekly indemnity, in case of the loss of an arm, leg, hand or foot, an indemnity of one-half of the amount agreed to be paid in case of death. Said payment to be made within sixty days after proof had been made, satisfactory to the society, that he, within the continuance of his membership, had sustained bodily injuries caused by external, violent and accidental means within the intent and meaning of the agreements and conditions annexed to such certificate. Among the agreements and conditions referred to was the following; "This certificate does not cover disappearance nor injuries of which there is no visible marks upon the body, nor accident, nor death, or injury resulting wholly or partly, directly or indirectly, from * * * *intentional injuries inflicted by the insured or any other person.*"

While this certificate was in full force and operative, the plaintiff sustained certain injuries, which were alleged in the complaint to have been inflicted as follows: "That at the town of Candor, Tioga county, N. Y., and on or about the 26th day of January, 1887, the plaintiff was, in the night-time, and without fault on his part, or provocation by him, feloniously assaulted and robbed in his store or place of business by some person or persons unknown; that said person or persons unknown, while engaged in committing said felonious assault and robbery upon the plaintiff, did, with an axe, hatchet, knife, or some other sharp and heavy instrument or weapon, strike, maim and wound this plaintiff, and did cut off his left hand, and did beat, strike, wound and bruise this plaintiff with said sharp instrument and with a billy or slung-shot; that in consequence of said unprovoked assault, and not otherwise, the plaintiff, from the effect of loss of blood and of said beating, swooned and remained unconscious for some time, and afterwards was wholly disabled and physically incapacitated for the pursuit of his usual and ordinary business, and for any and all physical labor and employment, for a period of time exceeding twenty-six consecutive weeks next follow-

ing said 26th day of January, 1887, and up to the present time; that plaintiff also, by reason of said unprovoked assault, and not otherwise, lost his left hand as aforesaid, and remains and will, for life, be a cripple by reason of the loss of said hand."

The defendant, by its demurrer, admits the issuing of the certificate and the injury of the plaintiff as alleged. The only question in this case is, whether the plaintiff's alleged injury is included in the risks covered by such certificate. That the injury alleged was intentionally inflicted by some unknown persons is quite obvious; hence, if such an injury is not included in the risks covered by such certificate, the plaintiff's complaint failed to state a cause of action. and the defendant's demurrer was improperly overruled.

The plaintiff's chief contention is, that the agreement that such certificate should not cover "intentional injuries inflicted by the insured or any other person," applies only to such injuries as are intended by the insured, and which are either self-inflicted or which the insured intends to have inflicted by another, and that if the insured did not intend the infliction of the injuries sustained by him, they were accidental and not included in the exception or agreement quoted. We do not think the construction contended for can be sustained. It seems quite manifest that the object and purpose of that provision was to except from the defendant's liability, not only such injuries as should be self-inflicted, but also such as should be intentionally inflicted by any other person. We think this becomes quite obvious when we consider the purpose of this certificate. The contract of the defendant was not a contract of general indemnity, but of limited indemnity only. It was not intended as an insurance of the plaintiff against death or injury, however it might occur, but to insure him against a specified class of accidental injuries only, from which an injury intentionally inflicted by the insured or any other person was expressly excluded.

The case of *Travelers' Insurance Company* v. *McConkey* (17 Ins. Law Jour., 585, 590; 38 Alb. Law Jour., 57) is an important authority upon this question. In that case the United States Supreme Court had under consideration substantially the question involved in the case at bar. One of the questions there involved was whether the decedent was murdered, and if so, whether his

death rendered the defendant liable under its policy. In the opinion of the court in that case it is said : " The policy expressly provides that no claim shall be made under it where the death of the insured was caused by intentional injuries inflicted by the insured or any other person. If he was murdered, *then his death was caused by intentional injuries inflicted by another person.* Nevertheless, the instructions to the jury were so worded as to convey the idea that if the insured was murdered the plaintiff was entitled to recover. In other words, even if death was caused wholly by intentional injuries inflicted upon the insured by another person, the means used were accidental as to him, and, therefore, the company was liable. This was error. Upon the whole case the court is of the opinion that, by the terms of the contract, the burden of proof was upon the plaintiff, under the limitation we have stated, to show from all the evidence that the death of the insured was caused by external, violent and accidental means; also, that no valid claim can be made under the policy if the insured, either intentionally or when insane, inflicted upon himself the injuries which caused his death, or if his death was caused by intentional injuries inflicted upon him by some other person." The same construction was given to this provision by the Kentucky Court of Appeals in the case of *Hutchcraft* v. *Travelers' Insurance Company* (38 Alb. Law Jour., 68), although it was held in that case that, under the circumstances, it was a question for the jury whether the injury to the plaintiff was intentional or not. (*Fischer* v. *Travelers' Ins. Co.*, 19 Pac. Rep., 425.) The authorities cited are adverse to the plaintiff's contention, and we think it must be held that the plaintiff's injury, as alleged, was not covered by the certificate upon which this action was founded, and hence that the learned judge at Special Term erred in overruling the defendant's demurrer. It follows, therefore, that the interlocutory judgment appealed from should be reversed, and that the defendant should have interlocutory judgment sustaining such demurrer.

Interlocutory judgment reversed, with costs, and interlocutory judgment sustaining the defendant's demurrer granted, with costs, but with leave to the plaintiff, on the payment of the costs of this appeal and of the interlocutory judgment, to make and serve an

amended complaint within twenty days after notice of the entry of such interlocutory judgment by the defendant.

FOLLETT and KENNEDY, JJ., concurred.

So ordered.