# Orr *v.* Travelers Insurance Co.

*Action on an Accident Insurance Policy.*

1. *Accident insurance; construction of clause excepting death from intentional injury.*—The clause in an accident insurance policy which excepts from the insurance death resulting from "intentional injury inflicted by the insured or any other person," is not intended to only provide against acts committed or procured by the insured, but exempts from the risk injuries inflicted upon the insured intentionally by another as well as by the insured.

2. *Same; same; case at bar.*—In an action on an accident insurance policy which contains a clause excepting from the insurance death resulting from "intentional injuries inflicted by the insured or another," where the evidence shows that the insured, after being refused admittance to his wife's room through the door, went into the yard near a window of the room, where-

[Orr v. Travelers Insurance Co.]

upon the man in the room with his wife fired a pistol through the window by which he was standing, the ball taking effect in the insured's head and resulting in his death, it is shown that the insured was intentionally killed within the meaning of the clause excepting an intentional killing by another from the risk of the policy sued on.

3. *Evidence; admissibility of affidavit by witness testifying.*—The affidavit of a party to a suit who testifies in the case is admissible in evidence as an admission against the party making it, although it does not differ materially from his testimony on the trial.

4. *Same; same; error without injury.*—The admission in evidence of the affidavit of a witness who testified on the trial, which corresponded with the oral testimony of the person making it, even though erroneous, is error without injury.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellant, Lula Orr, against the Traveler's Insurance Company, and counted upon a policy of accident insurance, issued by the defendant to one Jackson Orr, in which the plaintiff was named as the beneficiary. The clause or provision of the policy which is the ground of the defense, is copied in the opinion. The substance of the pleadings and the demurrer thereto are sufficiently stated in the opinion. The plaintiff's demurrers to said pleas were overruled, and the plaintiff duly excepted. The facts of the case are also sufficiently stated in the opinion.

The defendant offered in evidence the separate affidavits of the plaintiff, Lula Orr, and Mitchell Orr, which had been forwarded to the defendant's representative, John B. Pirtle, at Louisville, Kentucky, as proof of the death of Jackson Orr; the policy of insurance requiring that "in event of death or disabling injury of insured, full particulars how, when and where the accident happened and its result should be given immediately to John B. Pirtle." The plaintiffs separately objected to the introduction in evidence of these separate affidavits, and moved to exclude each of them from the evidence in the case, upon the ground that they were but the *ex parte* statements of the party making them, were illegal and incompetent as evidence, and

[Orr v. Travelers Insurance Co.]

because the parties who made the affidavit were then the persons in court. The court overruled each of the objections and motions. To each of these rulings the plaintiffs separately excepted. The other facts are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

W. R. FRANCIS and ARTHUR L. BROWN, for appellant. The court erred in admitting as evidence over the objection of plaintiff, the *ex parte* affidavit of Lula Orr. *Humes v. O'Bryan*, 74 Ala. 64; *M. & C. R. R. Co. v. Maples*, 63 Ala. 601.

The intentional injury referred to in the policy sued upon must be considered as a design to injure Jackson Orr, the insured, and the intention must be a specific intention to injure Jackson Orr, before the limitation relied upon by the appellee can be set up as a defense to this action. It is not sufficient to say that Jesse Sugars fired the pistol by design, but it must be shown that he intended to injure some one, and that that some one was Jackson Orr, and was known to be Jackson Orr by Sugars at the time of the shooting.—*Utter v. Travelers Ins. Co.*, 8 Amer. St. Rep. 913.

An accident is the happening of an event without the aid or design of the person injured, and which is unforseen.—*Paul v. Ins. Co.*, 8 Amer. St. Rep. 758. The word "Accident" in accident insurance policies must be given its proper meaning and construed a casualty, and something out of the usual course of events, and which happens suddenly and unexpectedly ·and without any design upon the part of the person injured.—*Richards v. Travelers Ins. Co.*, 23 Amer. St. Rep. 455; *Hutchcraft v. Ins. Co.*, 12 Amer. St. Rep. 484.

The limitation in the policy must be construed to mean that the injuries provided against therein are such injuries as the party inflicting the same did not intend should result in death, but inflicted for the pur-

pose of enabling the insured to wrongfully obtain a portion of the indemnity provided for in the policy. To construe the policy otherwise would destroy the manifest intention of the insured in taking out the policy, and enable the insurance company "to unfairly devour the whole policy."—*Utter v. Ins. Co.*, 8 Amer. St. Rep. 913; *Paul v. Ins. Co.*, 8 *Ib.* 758; *Healey v. Acc. Asso.*, 23 Amer. St. Rep. 637; *Amer. Acc. Co. v. Carson*, 84 L. R. A. 301.

HARRIS & EYSTER, *contra*.—1. Where a policy does not cover death resultingfrom "intentional injuries inflicted by the insured or any other person," there can be no recovery if the killing of insured was intentional as to his assassin, though it was accidental as to insured, in that it was unexpected.

2. To make a *prima facie* case defeating a recovery on a policy containing such condition, it is necessary only that the evidence of intentional killing preponderate against the presumption of accident.—*Butero v. Travelers Ins. Co.*, 71 N. W. Rep. (Wis.) 811.

3. Intentional injury clause protects company from injuries the result of design on the part of the insured or any other person, or when intentional injuries are inflicted by the insured or any other person; the company will not be liable where the insured was murdered. *Phelan v. Traveler's Ins. Co.*, 38 Mo. App. 640.

4. The clause of the policy that excludes appellee's liability, in case death or injury is intentionally inflicted by any other person, applies to this case.—*Hutchcraft v. Trav. Ins. Co.*, 87 Ky. 205, 8 S. W. Rep. 570; *Fischer v. Trav. Ins. Co.*, 77 Cal. 246, 19 Pac. Rep. 425.

5. The company need not show that such injuries were inflicted at the instance of the insured.—*Trav. Ins. Co. v. McCarthy*, 15 Col. 351, 25 Pac. Rep. 713.

SHARPE, J.—The policy here sued on was issued by appellee to Jackson Orr, and stipulates, among other things, for the payment to his wife, the appellant, of one thousand dollars in the event of his death during the period of insurance through external violent and accidental means. It contains a clause specifying certain

injuries not covered by the insurance, among which is death resulting from "intentional injuries (inflicted by the insured or any other person except burglars and robbers)." The defendant pleaded the general issue and several special pleas; one denying that the death of Jackson Orr was occasioned by bodily injuries effected through external violent and accidental means, and the others averring in substance that his injuries were intentionally inflicted by another. The pleas were demurred to upon several grounds, but the ground insisted upon here is, that they do not show that the injuries were intentional on the part of the insured or were by his consent or procurement. The question so raised goes to the merits of the cause, upon it chiefly the liability of the appellee depends; since the evidence as to the manner of the death is substantially without conflict.

It is contended for the plaintiff that the stipulation in question is intended only to provide against acts committed or procured by the insured, and in aid of that contention the rule is invoked whereby ambiguous terms in such contracts for indemnity are construed most strongly against the insurer and in favor of the assured. We think that the rule is inapplicable here, for the reason that the language employed expresses clearly an exemption from the risk of injuries inflicted intentionally by another as well as by the insured. Many adjudications upon policies precisely similar have so held.—*Travelers Ins. Co. v. McConkey*, 127 U. S. 661; *Fischer v. Travelers Ins. Co.*, (Cal.) 19 Pac. Rep. 425; *McCarthy v. Travelers Ins. Co.*, (Col.) 25 Pac. Rep. 713; *Butero v. Travelers Ins. Co.*, (Wis.) 71 N. W. Rep. 811; *Hutchcraft v. Ins. Co.*, (Ky.) 8 S. W. Rep. 570; *Utter v. Travelers Ins. Co.*, 8 Am. St. Rep. 913.

These pleas sufficiently aver the intentional infliction by another of the injury producing the death of the insured, and are not subject to the grounds of demurrer insisted on.

Upon the trial it was shown without dispute that the deceased was shot and killed by one Jesse Sugars, but it is contended for the plaintiff that the proof shows nothing more than an intentional act of shooting without the specific intent to shoot or injure any one in particular,

and consequently fails to show that the injury as distinguished from the act of shooting was the result of intention.   The case of *Hutchcraft v. Ins. Co., supra*, is cited for the appellant, and it holds that an injury intended by one inflicting it, but not intended by and not foreseen by the insured, is accidental as to him within the meaning of that word as used in the policy ; but it also decides that another part of the policy providing that no claim should be made thereunder when the death was caused by ''intentional injuries inflicted by the insured or any other person'' applied to such injuries by other persons as are intentionally directed against the insured.   To the same effect is the case of *Utter v. Ins. Co., supra*, which also is relied on by appellant.   In the latter case it is said :  ''The design intended by the terms of the policy must be the actual result accomplished, and not the design of the act itself which resulted in the killing of one contrary to the design of the act.''   There the insured was shot and killed by another, and the evidence of intention being in conflict it was held to be a question for the jury.   We think the principle so stated is correct, and its  application to the evidence remains to be considered.

The facts  are that about one o'clock in the morning of April 25th, 1897, Jackson  Orr came to his  home and entering a hallway knocked  at his  door and called for admittance to his wife, the  appellant, who  was in  the room ; that Jesse Sugars was in the room with appellant, and when Jackson knocked he drew his pistol, bolted the door and threatened to shoot appellant if she opened it. After knocking again and failing to gain admittance Jackson went into the  yard near a window of  the  room, when Sugars fired through the window,  jumped from it and ran away.   Immediately afterwards Jackson was found dead lying four or five feet from the window with a bullet hole through his head.   Against the theory of appellant that the firing was at  random and merely for  the purpose of frightening the besieging husband, there is in the fatal result of the shot strong evidence of a  careful aim.

The cause was tried without a jury, and a special finding of the facts was made by the court, wherein, among

[Thornton v. Dwight Manufacturing Co.]

other things, it was found that the death of Jackson Orr "was from a pistol shot fired by one Jesse Sugars intentionally at the said Jackson Orr." We think the conclusion reached by the circuit court was correct.

The affidavit of appellant allowed in evidence for appellee was admissible not for the purpose of impeaching her, but as the admission of a party to the suit, though it did not differ materially from her testimony on the trial.

The affidavit of the witness Mitchell Orr corresponded substantially with his oral testimony, and could not have altered the findings of fact. The cause being tried without a jury its admission, even if erroneous, was obviously without injury to appellant.

Affirmed.