## JULIA A. GING v. TRAVELERS INSURANCE COMPANY OF HARTFORD.

December 12, 1898.

Nos. 11,127—(11).

**Accident Insurance — Intentional Injuries—Verdict Sustained by Failure of Evidence.**

> The accident insurance policy upon which this action was brought provided that the insurance did not cover deaths resulting wholly or partly, directly or indirectly, from intentional injuries inflicted by the insured or any other person, but further provided that this did not exclude claims for personal injuries, fatal or nonfatal, received by the insured while in the act of defending herself, her family or her property from the assault of burglars, robbers, thieves or pickpockets. It was admitted by both parties that the injuries, which were fatal, were inflicted by another person, for the purpose of accomplishing her death. *Held* that, waiving the question of the burden of proof, the evidence conclusively showed that the injuries were not received by the insured while defending herself, her family or her property from the assaults of burglars, robbers, thieves or pickpockets, and, therefore, that the court correctly directed a verdict for the defendant.

Appeal by plaintiff as administratrix of the estate of Catherine M. Ging, deceased, from an order of the district court for Hennepin county, McGee, J., denying a motion for a new trial. Affirmed.

*W. H. Eustis, John H. Steele, C. J. Smith* and *John M. Rees,* for appellant.

*W. D. Cornish* and *Emanuel Cohen,* for respondent.

BUCK, J.

This action was brought by Julia A. Ging, as administratrix of the estate of Catherine M. Ging, deceased, upon an accident policy issued to her by the defendant insurance company, dated November 24, 1894, wherein the defendant promised to indemnify the insured

against loss of time resulting from bodily injuries effected, during the term of the insurance, through external means, and also promised to pay $5,000 to the legal representatives of the insured in case death should result from such injuries alone within 90 days. It also provided that

"This insurance does not cover　*　*　*　death　*　*　*　resulting wholly or partly, directly or indirectly, from　*　*　*　intentional injuries inflicted by the insured or any other person."

This policy was delivered the day of its date. Four days thereafter, with consent of the company, there was attached to this policy an additional clause, which provided that

"By special agreement, the clause in this policy　*　*　*　excepting the company from liability for intentional injuries does not exclude claims for personal injuries, fatal or nonfatal, received by the insured while she is in the act of defending herself, her family or her property from the assaults of burglars, robbers, thieves or pickpockets."

Each party admitted that Catherine M. Ging was intentionally killed, on December 3, 1894, by one Claus A. Blixt, at the instigation of Harry T. Hayward. The answer alleges that the injuries which caused her death were not received while she was in the act of defending herself from the assaults of burglars, robbers, thieves or pickpockets. The reply alleges that said injuries were received by said Catherine M. Ging while she was in the act of defending herself from the assaults of robbers. There were various other issues raised by the pleadings, but, as we view the matter, it is unnecessary to state them here.

At the close of the testimony, counsel for the defendant moved the court to instruct the jury to find a verdict in favor of the defendant upon several grounds; the last one being that there is no evidence from which any finding can be made that the injuries which resulted in Miss Ging's death came to her while she was resisting the attack of a robber, burglar, pickpocket or thief. The court directed a verdict as requested by the defendant, and the plaintiff appeals. This was done on the assumption by the court that the burden of proof rested upon the defendant.

It is not necessary for us to decide this question upon this appeal, because it is immaterial whether this burden rested upon one party or the other, as the evidence is entirely insufficient to have sustained a verdict in favor of the plaintiff. It is not a case of a mere preponderance of evidence in support of one side or the other, or where there was a conflict upon material issues between the parties, when the question of the burden of proof might have been important in turning the scale in favor of one party or the other; because, taking the entire evidence of each party, the plaintiff failed to prove her case. She did not even make a prima facie case upon the merits.

Both parties admitted that the injuries complained of were intentionally inflicted by Blixt, and a reference to the evidence shows that she did not receive the fatal injuries while she was in the act of defending herself, her family or her property from the assault of burglars, robbers, thieves or pickpockets. Both parties did, and were necessarily compelled to, rely upon the testimony of the murderer, Blixt, for proof of the manner in which the injuries were inflicted. This testimony was explicit that at the instigation of one Hayward, whose object was to realize on the insurance on her life, Blixt deliberately shot her from behind while she was riding with him in a buggy, and that he then threw her out of it, upon the frozen ground; that it was a deliberate, cold-blooded assassination, of which the deceased had no forewarning, and against which she had no opportunity to defend herself. This testimony, which narrates the occurrence with the minutest detail, is not impeached by any inherent improbabilities, or by any other evidence, circumstantial or otherwise, in the case; but, on the contrary, it has all the evidence of completeness and truthfulness, and is corroborated by the character and location of the wounds upon the body of the deceased.

The injuries upon the face of the deceased, to which counsel for the plaintiff refers, are naturally and reasonably accounted for by the body being thrown out of the buggy after the murder, in the manner testified to by Blixt. Certainly, there was not a whit of evidence which in any way tended to show that any violence was attempted against her prior to the shooting, which rendered her

unconscious and caused her immediate death, nor that she at any time or in any manner was defending herself against any kind of assault.

Order affirmed.