NATIONAL LIFE & ACCIDENT INS. CO. v. DE LOPEZ. (No. 6104.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 4, 1918.)

1. STIPULATIONS ☞13—EFFECT.

Though the insurer in an action on an accident policy agreed on trial that plaintiff was the wife of the insured, the insurer is not estopped from setting up the true facts when discovered, where it was induced to so agree through fraud or ignorance.

2. INSURANCE ☞464—ACCIDENT INSURANCE —LIABILITY.

Where an accident policy covering death through violent and external means expressly declared that it should not cover injuries intentionally inflicted upon the insured by himself or by any other person except by burglars and robbers, the company is not liable where one not a burglar or robber intentionally shot and killed the insured.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by Mrs. Augustine H. De Lopez against the National Life & Accident Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Carlos Bee and Edw. H. Lange, both of San Antonio, for appellant.
G. Woodson Morris, of San Antonio, and J. D. Dodson, of Laredo, for appellee.

FLY, C. J. This is a suit instituted by appellee, as the beneficiary of an accident policy, issued by appellant, to indemnify her husband, I. W. Lopez, against loss of life or limb arising from accident. The cause was tried without a jury, and judgment was rendered in favor of appellee for the sum of $1,100, of which $100 was for an attorney's fee.

It was alleged in the petition:

"That on or about the 16th day of June, 1917, the said I. W. Lopez was shot with a pistol by one Jim Lubbock in the city of San Antonio, Tex., and as the direct result of said shot died the following day, and that the said Lubbock shot the said Lopez without any provocation whatsoever on the part of the said Lopez, and that the same was wholly unforeseen and not anticipated by him and was accidental as to him, and was not caused by any action on his part; that the said Lopez lost his life as the

result of said shot, and directly and independently of all other causes; and that same was as to him effected accidentally and through violent and external means."

The evidence showed:

That I. W. Lopez was insured against accident by appellant "against loss of life, limb, limbs, sight or speech and hearing, resulting directly and independently of all other causes from a bodily injury which is effected accidentally and through external and violent means (excluding suicide, sane or insane), herein called 'such injury,' in the initial principal sum of one thousand."

Again, in section (o) of the policy it is provided:

"This policy does not cover suicide (sane or insane); nor any venereal disease; nor any disease not common to both sexes; nor aeronautics, nor military or naval service in time of war; nor injuries intentionally inflicted upon the assured by himself or by any other person except by burglars and robbers."

The uncontroverted evidence showed that I. W. Lopez, on June 16, 1917, was intentionally shot and so badly wounded by one Jim Lubbock that he died on the following day.

One of the grounds for a new trial was the discovery of new evidence to the effect that appellee, who had sued as the widow of I. W. Lopez, had never been married to said Lopez, but that he had a lawful wife when killed in the person of another woman, and that appellee had never been married to the deceased. The motion was supported by the affidavit of Consuela Escontrias to the effect that she knew that appellee was not the wife of I. W. Lopez, and that he was legally married in Mexico to another woman, and that three children 'were born of the marriage, and that the legal wife was still living. The evidence was shown by affidavits to be newly discovered. The motion for new trial should have been granted.

[1] It is true that appellant had agreed, on the trial, that appellee was the wife of I. W. Lopez when he died, and was the beneficiary, but if through fraud or ignorance of the true facts appellant had made the agreement it should not be estopped from setting up the true facts when discovered. If appellee is not the wife, she had no right to recover the insurance on the life of Lopez, under the allegations and proof. Fraud is inferable from the fact that appellee claimed as the wife of Lopez, and that the fact that she was not his wife was not discovered until after the trial.

[2] I. W. Lopez died from injuries intentionally inflicted upon him, and under the plain terms of the policy the beneficiary has no cause of action against appellant. The insurance was against loss of life, as well as loss of limb, sight, speech, or hearing, and the words indicating how the loss must occur applies as well to loss of life as to loss of the

207 S.W.—11

limbs or senses, and the words are clear and without doubt. If the part as to limbs and senses is eliminated the policy would read:

"Against loss of life resulting directly or indirectly of all other causes from a bodily injury which is effected accidentally and through external and violent means."

And to exclude all doubt on the subject it says "excluding suicide, sane or insane."

Again, in section (o) of the policy it is clearly shown that loss of life is not included in the policy if it results from "injuries intentionally inflicted upon the assured by himself or by any other person except by burglars and robbers." If Lopez had been accidentally killed by an automobile or street car, or if he had been accidentally shot, the beneficiary in the policy could recover, and there can be no valid reason for excluding that part of the policy which refers to death from injuries intentionally inflicted. The language is plain and clearly denies the right to recover if the insured person dies from intentional injuries inflicted on him by another, except it be a robber or burglar. Morris v. Insurance Co., 43 S. W. 898; Casualty Co. v. Morris, 46 Tex. Civ. App. 394, 102 S. W. 773; Orr v. Insurance Co., 120 Ala. 647, 24 South. 997; Insurance Co. v. McCarthy, 15 Colo. 351, 25 Pac. 713, 11 L. R. A. 297, 22 Am. St. Rep. 410; Fischer v. Insurance Co., 77 Cal. 246, 19 Pac. 425, 1 L. R. A. 572; Butero v. Insurance Co., 96 Wis. 536, 71 N. W. 811, 65 Am. St. Rep. 61; Washington v. Union Casualty Co., 115 Mo. App. 627, 91 S. W. 988; Ging v. Insurance Co., 74 Minn. 505, 77 N. W. 291; Insurance Co. v. McConkey, 127 U. S. 661.

Speaking on this subject in the case of Johnson v. Insurance Co., 15 Tex. Civ. App. 314, 39 S. W. 972, the court said:

"We see very little room for discussion of the meaning of the language. It is clear that the insurance company exempted from its risk cases of death arising from injuries intentionally inflicted * * * upon himself, and injuries intentionally inflicted upon the insured by any other person. It would be doing violence to well-established rules of construction to interpret the language of the policy to mean that the words 'intentionally inflicted' refer alone to intention on the part of the insured."

There is no break in the construction of the language of such policies, but it is uniformly stated in text-books and reports that where the insured is intentionally killed the beneficiary cannot recover. Elliott on Ins. § 900; Fuller Acc. & Emp. Liability Ins. p. 268 et seq. The only apparent exception to the current of authority is the case of American Accident Co. v. Carson, 99 Ky. 441, 36 S. W. 169, 34 L. R. A. 301, 59 Am. St. Rep. 473, decided by the Court of Appeals of Kentucky, and that seems to have turned upon the peculiar language of the policy being considered. The language, it was said by the court, was different from other policies.

The case of Continental Casualty Co. v. Morris, 46 Tex. Civ. App. 394, 102 S. W. 773, is similar to the one now before this court, and the rule of construction in Texas of the clause under consideration is well expressed. The court said:

"There is little, if any, room for construction; the language in part 3 and above quoted is unambiguous and sufficiently specific to leave no doubt that it applies to all of the losses mentioned in part 1, and when taken in connection with the language found in part 1, as it must be, it is tantamount to a provision that 'where the "injury" is intentionally inflicted by the insured or any other person and results in the loss of the life of the insured, the amount payable shall be one-tenth of the amount which would otherwise be payable under the terms of the policy.'"

The language in the policy in that case is similar to that used in this.

The judgment of the lower court is reversed, and judgment here rendered that appellee take nothing by her suit and pay all costs in this behalf expended.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes