## PROVIDENT LIFE & ACCIDENT INS. CO. v. JOHNSON. (No. 6613.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 23, 1921. Rehearing Denied Dec. 21, 1921.)

**1. Pleading ⟨key⟩34(7)—Rule as to inferring material fact omitted from complaint, when objected to on appeal, stated.**

In determining the sufficiency of allegations as to a material or particular fact, when first questioned on appeal, every reasonable intendment must be indulged in favor of the pleading, and if it contains no direct or specific statement of the fact, but from the petition as a whole the allegation of such fact may be reasonably inferred, then such inference must be given effect, so where complaint by son of insured to recover on a policy payable to the estate omitted to allege there was no administration, or necessity therefor, or for suit by an heir, the petition was sufficient if containing allegations from which such omitted facts might reasonably be inferred.

**2. Insurance ⟨key⟩629(1)—Complaint on policy held not to supply by inference omitted allegations as to administration.**

In a complaint by a son of insured on a policy payable to the estate, allegations that his father died intestate leaving plaintiff as his only heir, and that plaintiff is entitled to receive the full amount due on the policy, and that there was another policy, the amount of which insured had paid to plaintiff's next friend as temporary administratrix, did not supply the omission to allege administration or lack of necessity therefor, or necessity for suit by an heir.

**3. Pleading ⟨key⟩8(12)—Allegation that plaintiff was entitled to receive amount due a conclusion.**

Allegation by a son. suing to recover on a policy payable to the insured's estate, that plaintiff was entitled to receive the full amount due, was a conclusion, and not to be considered in determining whether the complaint inferentially supplied the omission to allege administration or lack of necessity therefor.

**4. Appeal and error ⟨key⟩193(5)—Omission from complaint held fundamental error, reviewable without exception; "error apparent on the face of the record."**

On a complaint by a son to recover on a policy payable to insured's estate, failure to allege administration or lack of necessity therefor, or for suit by an heir, was "error apparent on the face of the record," reviewable without exception under Rev. St. art. 1607; such error being defined as a prominent error, either fundamental in character or one determining a question on which the very right of the case depends.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Error Apparent.]

**5. Insurance ⟨key⟩464—Exemption from loss by intentional act of another held to relate to disability, and not fatality; "disability;" "fatal injuries."**

An exemption in a policy from liability "from disability or fatal injury" received by the insured (1) while in military or naval services during the war or while engaged in aeronautics, (2) while under influence of or affected by intoxicants or narcotics, or (3) if said "disability" results from violation of the law or the intentional act of the insured or of any other person, did not exempt the company, where insured was killed by another, the rule of strict construction applying, and the exemption being in the nature of a forfeiture, for "disability" and "fatal injury" have distinctly different meanings when used in accident and disability insurance policies; the one embracing injuries preventing the insured from performing the work in which he is usually employed, but not resulting in death, and the other embracing injuries resulting in death.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Disability.]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Maceo Johnson, by his next friend, Mattie Smith, against the Provident Life & Accident Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Taliaferro, Cunningham & Moursund and W. B. Jack Ball, all of San Antonio, and Sizer, Chambliss & Chambliss, of Chattanooga, Tenn., for appellant.

McCollum Burnett and O. M. Fitzhugh, both of San Antonio, for appellee.

SMITH, J. This is a suit upon an accident, health, and disability insurance policy issued by the Provident Life & Accident Insurance Company to Joe Johnson, and payable to the latter's estate. The principal sum of the insurance was $2,000 to protect Johnson against "effects resulting directly

and exclusively of all other causes from bodily injuries sustained during the life of this policy, solely through external, violent, and accidental means," except by suicide. Johnson was shot to death in a difficulty with another man, and upon the refusal of the insurance company to pay the amount of the policy, suit was brought thereon by Maceo Johnson, by next friend, Mattie Smith. Maceo Johnson is the minor son of the insured. The cause was submitted to a jury upon special issues, and upon the answers thereto judgment was rendered in favor of Maceo Johnson for $3,342.20, which sum included $1,050 attorney's fees, and a penalty of $240.

At the outset appellant, the insurance company, challenges the sufficiency of the pleadings or evidence to show any right in the plaintiff to maintain this suit or recover any judgment. It urges that the trial petition is insufficient in that while it shows the insurance policy to be payable to the estate of Joe Johnson, appellee's father, it nevertheless fails to allege that there is no administration upon the estate of the father and no necessity for such administration, or any necessity for suit by an heir. The only allegations in the petition, relating to the right of appellee to maintain the suit and recover upon the policy, were that the policy was payable to the estate of appellee's father, that Mattie Smith, as temporary administratrix, had collected a life policy of $250 issued to appellee's father, but without showing that this temporary administration had ended, and—

"that said deceased died intestate, and left surviving him as his only and exclusive heir at law, plaintiff herein, a minor, now 17 years of age, who is entitled to receive the full amount on said policy."

[1] In the court below appellant did not question the sufficiency of these allegations, nor was the general demurrer acted upon, and the matter is presented in this court, for the first time, as fundamental error. Upon this account appellee objects to a consideration of the question at this juncture in the litigation, and it seems appropriate to dispose of this contention before entering into a discussion of the merits of the question presented. In determining the sufficiency of allegations as to a material or particular fact, in the absence of exceptions to such allegations, every reasonable intendment must be indulged in favor of the pleading, and if the latter contains no direct or specific statement of the fact, but from the petition as a whole the allegation of such fact may be reasonably inferred, then such inference must be given effect. This rule applies, even as against a demurrer general in its nature. Land Co. v. McClelland, 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105; Gibbens v. Bourland, 145 S. W. 275. So, even in the absence from the petition in this case of specific allegations that there is no administration upon the estate of appellee's father, and no necessity of such administration, or any necessity of suit by the heir, if there are other allegations from which a court may reasonably infer those facts, then such inference will be given effect, and the petition deemed sufficient. It is conceded that there are no specific allegations of the fact mentioned, and so we are relegated to general allegations to ascertain if these facts are necessarily inferable therefrom.

[2, 3] Appellee contends that his allegations that his father died intestate, leaving appellee "as his only and exclusive heir at law," and that appellee "is entitled to receive the full amount due" on the insurance policy sued on, amount in effect to allegations of no administration or necessity therefor. We have been unable to agree with appellee in this position, however. The fact that appellee's father died intestate, and that appellee was the only surviving heir, will not support an inference of any other fact than those specifically stated. From these facts no inference could arise that there was no administration, or necessity therefor; the reverse could just as reasonably have been inferred therefrom. Appellee in his petition, alleged that at the time of the issuance of the policy sued on the insurance company issued to Joe Johnson a life policy for $250, and that after the insured's death the company paid to appellee's next friend, as temporary administratrix, the amount of the life policy. There was no allegation, however, of the continuation or termination of the administration, and so that allegation raises no presumption or inference that would tend to supply the omitted allegations as to administration, or necessity therefor, although it might tend to create the presumption that there was, at least at one time, a necessity for some sort of administration. The remaining allegation, upon which appellee relies to supply the omitted allegations, is that appellee "is entitled to receive the full amount due on said policy." We are unable to escape the conviction that this statement in the pleading cannot be construed to serve this purpose. At best, it is but the statement of a purely legal conclusion, without showing any facts upon which the conclusion is based, and in our opinion cannot be construed to create the inference that there was no administration upon the estate of appellee's father, nor any necessity therefor. It was said in Simonton v. Light Co., 28 Tex. Civ. App. 374, 67 S. W. 530, that—

"In considering the question of the sufficiency of the petition, we must disregard the statement by the pleader of mere legal conclusions and test the petition solely by the facts stated therein."

If the allegation that appellee was "entitled to receive the full amount due on said policy" had stood alone as the only ground of appellee's right to recover, it would surely have been subject to a special exception that it was too general, and a mere conclusion of law of the pleader, and, although no such exception was lodged against it, nevertheless it cannot serve to supply an allegation of specific vital facts essential to appellee's right to recover. Laas v. Seidel, 95 Tex. 442, 67 S. W. 1015; Baker v. Hahn, 161 S. W. 443; Ry. v. Brown Co., 166 S. W. 40. In the Laas Case it was contended that the allegation that the estate was solvent would support the inference, and thereby supply the omission to allege that "there was no administration, nor necessity for administration"; but the Supreme Court, by Mr. Justice Brown, overruled this contention, saying that—

"The estate might be solvent, and yet there would be a necessity for administration to pay the debts, and to settle the affairs of the estate, to get it in proper shape for distribution among the heirs. The law does not provide that administration shall be had upon insolvent estates, only, nor that heirs may sue for the property if the estate be solvent."

So it may be said here that the allegation that appellee was entitled to receive the full amount of the insurance policy does not within itself negative a necessity for or pendency of administration. It may be true that appellee is entitled to receive the amount of the insurance policy, and yet there may be a necessity for and actual pendency of an administration to pay the debts and assemble the assets of the estate, including the amount of this policy, before the actual payment of this insurance money over to appellee.

[4] Appellee vigorously contends that his failure to allege the absence of administration, or necessity therefor, is not such fundamental error, apparent upon the face of the record as to warrant appellant in presenting it for the first time in this court; the question not having been raised by exception or otherwise in the trial court, or even by assignment of error filed there. But this very question has been often decided, and always, so far as we have found, against appellee's contention. These allegations were essential to appellee's right to recover, and a judgment without pleadings to support it presents fundamental error apparent of record, which must be noticed although not assigned. Seed Company v. Bank, 92 Tex. 187, 47 S. W. 95, 516; Traction Company v. Yost, 39 Tex. Civ. App. 551, 88 S. W. 428. The statute (article 1607) provides that in all cases on appeal the trial shall be upon "* * * an error in law, either assigned or apparent on the face of the record," and the Supreme Court, in an opinion by Chief Justice Gaines, in Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242, defines an

error "apparent upon the face of the record," as "a prominent error, either fundamental in character, or one determining a question upon which the very right of the case depends." Seed Co. v. Bank, supra; Harris v. Petty, 66 Tex. 514, 1 S. W. 525. The error herein complained of was undoubtedly of such character and must be considered. Other, but related, questions are sought to be raised by appellant through unassigned errors, but in the very nature of the circumstances will not arise upon another trial, and we will not discuss them on this appeal.

[5] The policy in question contained the following stipulation:

"This policy does not cover disability or fatal injury received by the insured (1) while engaged in military or naval services during the time of war or while engaged in aeronautics; (2) while under the influence of or affected by intoxicants or narcotics; (3) if said disability results from violation of the law or the intentional act of the insured or of any other person."

As has been shown, the insured was killed in a difficulty with another, and appellant seeks to avoid liability by reason of the restriction against liability in case the injury results from "the intentional act of the insured or of any other person." Appellee takes the position that this restriction, according to the language of its own terms, does not apply in this case for the reason that it covers only in event of "disability," and does not cover in case of "fatal injury," as in this case. These conflicting contentions require an analysis of the clause quoted. Because of its peculiar construction, the entire clause must be looked to in ascertaining the effect of any particular provision. And it must be construed most strongly against the insurance company, which, having selected the exemptions through which it may escape liability, and having the opportunity of choosing its own language in imposing conditions not often scrutinized or analyzed by persons accepting insurance, the meaning of the terms used need not be enlarged or restricted for the benefit of the company but should be liberally interpreted in favor of the insured.

Eliminating immaterial words, the exemption clause relied on by the company may be stated in this language:

"This policy does not cover *disability or fatal injury* received by the insured (1) while engaged in military service; (2) while under the influence of intoxicants; (3) if *said disability* results from the intentional act of the insured or any other person."

It will be seen that the third subdivision differs in construction from the first and second. The first and second contain no words qualifying or modifying the introductory clause, whereas the third does contain words relating back to and modifying the introduc-

tory clause, to wit, the words "said disability," etc. Now, "disability" and "fatal injury" have distinctly different meanings when used in accident and disability insurance policies—the one embracing injuries preventing the insured from performing the work in which he is usually employed, but not resulting in death; the other embracing injuries resulting in death. Different modes and amounts of compensation are provided for these results; usually the payment of a weekly or monthly indemnity for time lost in the one case, and a lump sum in the other. The policy involved, for instance, provided a monthly indemnity of $60 in case of injury resulting in mere "disability," or a lump sum of $2,000 in case of injury resulting in death. The policy involved, and the very section upon which the company seeks to evade liability, recognizes the difference between the two contingencies, by mentioning each one in the introductory clause and providing that the policy does not cover "disability" on the one hand, or "fatal injury" on the other, in certain contingencies. This introductory clause is followed by three subdivisions, which relate back thereto.

As has been shown, the first and second subdivisions contain no words limiting or modifying the introductory clause, so that the three clearly provide that the policy does not cover either "disability" or "fatal injury" received by the insured while in military service, as provided in the first subdivision, or while under the influence of intoxicants, as provided in the second. But the third subdivision differs from the first two, in that the interpolated words, "said disability," distinctly and necessarily relate to and modify the introductory clause. These interpolated words occupy a definite and intelligible position in the context, and by every rule of grammatical construction they relate back to the introductory clause, and if they have the effect of modifying that clause they must be given that effect. What is that effect? If it had provided that, "if said disability or fatal injury results from the intentional act of another," etc., it would have been but a reiteration of the exempting injuries mentioned in the introductory clause. If it had omitted both "disability" and "fatal injury," it would have had the same effect. But it neither omitted both nor mentioned both. It simply brought forward out of the introductory clause only the word "[said] disability." We think the effect of this was to drop the words "fatal injury" out of the exemption clause with respect to intentional injuries. The use of the interpolated word was certainly for some purpose. We think it was for the purpose of excluding "fatal injury" from the exemption.

We are not without authority for this holding. It is true the authorities are limited, but it is also true that similarly worded exemptions are extremely rare in such policies. Usually these policies specifically include injuries, "fatal or otherwise," in the exemption clause, leaving no doubt of the purpose or effect. Here the peculiar language, even if not clearly excluding fatal injury, at least creates a substantial doubt of the purpose to include fatal injury, and, that being true, the doubt must be resolved against the insurer, first, because of the general rule that insurance policies must be most strongly construed against the insurer, and in favor of the insured; and, second, because the provision in which it arises is in the nature of a forfeiture or penalty.

It is frankly conceded by appellant that the language used in the policy involved "is not exactly like that used in any policy involved in any of the cases read by us." So is this true of the cases cited by appellant. And it is this very dissimilarity of language that distinguishes this case from those cited by appellant, and which, in our opinion, renders the attempted exemption ineffectual in this case. A case we regard as being nearer in point, in principle, than any of those cited by appellant is that of American Accident Co. v. Carson, 99 Ky. 441, 36 S. W. 169, 34 L. R. A. 301, 59 Am. St. Rep. 473, in which the exemption clause corresponding to the one in this case was as follows:

"This insurance does not cover disappearances; nor suicide, while sane or insane; nor injuries, whether fatal or otherwise, of which there is no visible mark upon the body; nor accidental injuries or death resulting from or caused, directly or indirectly, wholly or in part, by hernia, fits; * * * nor extend to or cover intentional injuries inflicted by the insured or any other person, or injury or death happening while the insured is insane, or under the influence of intoxicating drinks or narcotics," etc.

In that case the Court of Appeals of Kentucky held that because of the peculiar language of the clause the company, while not liable for nonfatal, was liable for fatal, injury intentionally inflicted upon the insured by another person, because of "the significant omission of the word 'death' in this particular clause." The court further said:

"Here we find a difference between the policy under consideration and all others we have examined. The words 'death or injury' are used in all of them, and indeed in this policy we find those words separated for the first time in the clause under discussion. We find it provided in the preceding clause that 'this policy does not cover accidental injuries or death resulting from hernia,' etc.; and immediately succeeding the clause in dispute the language is, 'or injury or death happening while the insured is insane,' etc. We notice, too, that the policy is not to cover injuries, whether fatal or otherwise, of which there are no visible marks upon the body. And it appears well settled that this exception, without the words 'fatal or otherwise,' has reference only

to cases of bodily injury which do not result fatally; that is, the word 'injury' is used in its usual sense, as implying a hurt not resulting in death."

The decision in the Carson Case is approved by the same court in a later case involving the same question, Interstate, etc., v. Dunn, 178 Ky. 193, 198 S. W. 727, 6 A. L. R. 1333 and it is said that the decision in the Carson Case has also been approved in Gavula v. U. S., etc., Co., 15 Pa. Dist. R. 432 (to which we have no access)—

"where a policy * * * provided, 'in event of injuries, fatal or otherwise, except drowning, * * * or injuries, fatal or otherwise, or disability, resulting * * * from inhalation of any gas, * * * or from any intoxicant, * * * exposure to obvious danger * * * from injuries intentionally inflicted upon the assured by himself, or by any other person,' the insurer's liability shall be limited to a certain amount, and the court held that the word 'injuries,' being used alone in the clause relating to intentional injuries, did not extend the exemption from liability to fatal injuries."

We think the conclusion we have reached is also supported by the decision of our Supreme Court in Roth v. Protective Association, 102 Tex. 241, 115 S. W. 31, 132 Am. St. Rep. 871, 20 Ann. Cas. 97.

In the Dunn Case the decision in Continental, etc., Co. v. Morris, 46 Tex. Civ. App. 394, 102 S. W. 773, cited by appellant, is expressly disapproved, although, as for that matter, the facts in the latter case are distinguishable from the facts in this case. These conclusions require us to overrule appellant's first, second, third, fourth, and eighth assignments of error. The fifth, sixth, seventh and ninth assignments complain of the sufficiency of the evidence to support the findings of the jury. We think there was material testimony in support of those findings, and overrule said assignments of error.

For the error in rendering judgment for appellee, in the absence of allegations to show that there was no administration upon the estate of appellee's father, or that there was no necessity for such administration, the judgment is reversed and the cause remanded.

Reversed and remanded.