Hutchcraft's Ex'r v. Travelers' Insurance Co.

CASE 50—PETITION ORDINARY—MAY 29.

# Hutchcraft's Ex'r v. Travelers' Insurance Co.

### APPEAL FROM BOURBON CIRCUIT COURT.

1. ACCIDENT INSURANCE.—Where one, by the act of another, receives an injury which he had no agency in bringing on himself, and which was not foreseen by him, from which death results, it is a death through "accidental means" within the meaning of a policy of insurance against death through "external, violent and accidental means;" and this is true, although the deed was willfully directed against the person killed. To make out a case of injury by accidental means, so far as the injured party is concerned, it is not essential that the person injuring him should not have intended to do so. Therefore, one who is assassinated comes to his death by "accidental means."

2. SAME.—Under such a policy which further provides that no claim shall be made thereunder "when the death or injury may have been caused 'by dueling, fighting, wrestling, lifting or over-exertion, or by suicide (felonious or otherwise, sane or insane), or by intentional injuries inflicted by the insured or any other person," there can be no recovery if the insured was intentionally injured by any other person by the infliction of bodily wounds. The proviso quoted was not intended to be confined to such injuries inflicted by other persons as were inflicted with the consent of the insured or at his instance. To prevent a recovery, however, such injuries must have been intentionally directed against the insured, and not against another or against a class of individuals.

   In this case it is held that the representative of one who was assassinated cannot recover under a policy containing such a proviso.

WM. LINDSAY AND RUSSELL MANN FOR APPELLANT.

1. Insurance against death through "external, violent and accidental means," embraces a killing for the purpose of robbery. (Bostwick v. Stiles, 35 Conn., 198; Bliss on Life Ins., sec. 396; Ripley's Case, 2 Bigelow's Life Ins. Cases, 738.)

2. An exhibit must be taken into view as controlling any statement inconsistent with it. (Bush v. Madeira, 14 B. M., 213.)

JAS. PIRTLE FOR APPELLEE.

1. Death "by accidental means," does not embrace an intentional killing. (Ins. Co. v. Burroughs, 69 Penn. St., 43; Accidental Ins. Co. v. Crandall, 120 U. S., 527.)

2. A proviso in a policy that no claim shall be made if death results from "intentional injuries inflicted by the insured or another person," precludes a recovery in case of murder. (Utter. v. Travelers' Ins. Co., Western Reporter, Jan. 4, 1887.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

During the time that the appellant's testator held two tickets of insurance in the appellee's company, insuring his life in the sum of three thousand dollars each, against death "through external, violent or accidental means," he was waylaid and assassinated for the purpose of robbery. The appellee interposed two defenses to the appellant's action to recover these sums : First, that the appellant's testator, having been killed by intentional "means," his death was not accidental within the meaning of the terms of the policy which insured him against death, "through external, violent and accidental means." Second, that the proviso in the policy expressly exempted the appellee from liability in case the appellant's testator come to his death through injuries intentionally inflicted by another person. These defenses will be disposed of in their order.

1. In each ticket the appellee covenanted to pay three thousand dollars to Hutchcraft's representatives, if he should be killed "through external, violent and accidental means."

Accidents are of two kinds : First, those that befall a person, without any human agency, as the killing of a person by lightning; here the elementary properties of lightning and its flash are not caused or controlled by human agency ; but the fact that the person was struck by unintentionally placing himself

within its range, is, as to him, accident. Second, those that are the result of human agency. The latter are divided as follows : First, that which happens to a person by his own agency ; as if he is walking or running and accidentally falls and hurts himself ; here he falls by reason of his agency in walking or running, but he did not intend to fall ; he did not foresee that he would fall in time to avoid it ; the fall was, therefore, accidental. Second, that which befalls a person by the agency of another person, without the concurrence of the latter's will ; as where one, standing on a scaffold, unintentionally lets a brick fall from his hand, and it strikes a person below ; here, the dropping of the brick, as it was not intended by the former and was unforeseen by the latter, is, in the broadest sense, an accident. Third, that which a person intentionally does, whereby another is unintentionally injured ; as where one intentionally fires a gun in the air and accidentally shoots another person ; here the act of firing the gun was intentional, but the shooting of the person was unintentional. Therefore, on the part of the person firing the gun the shooting of the other would be accidental, though not in as broad a sense as in the former case, because some part of his act was intentional ; but as to the person shot, it was by purely accidental means. Fourth, so, also, as we think, if one person intentionally injures another, which was not the result of a rencounter, or the misconduct of the latter, but was unforeseen by him ; such injury as to the latter, although intentionally inflicted by the former, would be accidental. When the injury is not the result of the misconduct or the participation

of the injured party, but is unforeseen, it is, as to him, accidental, although inflicted intentionally by the other party. It is conceded that in the three instances first named the injury would be by "accidental means." And, doubtless, it will not be denied that if a person were to maliciously fire his gun into a crowd of persons for the purpose of general mischief, or were to maliciously wreck a train of cars for the purpose of injuring whoever might be on board, whereby one or more persons were shot or mashed, that the casualty befalling these persons, as far as they were concerned, would fall within the term of "accidental means." In other words, we do not regard it as essential, in order to make out a case of injury by "accidental means," so far as the injured party is concerned, that the party injuring him should not have meant to do so; for if the injured party had no agency in bringing the injury on himself, and to him it was unforeseen—a casualty—it seems clear that the fact that the deed was willfully directed against him would not militate against the proposition that, as to him, the injury was brought on by "accidental means."

2. That part of the proviso that is germane to the second ground of defense is as follows: "And no claim shall be made under this ticket, when the death or injury may have been caused by dueling, fighting, wrestling, lifting or over-exertion, or by suicide (felonious or otherwise, sane or insane), or by intentional injuries inflicted by the insured or any other person."

The fact that the insured engaged in a duel or fight, though forced upon him; the fact that he engaged in a wrestling match, however innocent; the

fact that he engaged in lifting, though never so cautious; the fact that he over-exerted himself, though never so innocent of an intention of doing so, whereby he received injuries, are expressly excluded from the operation of the policy. Also, the fact that the insured commits suicide, although insane—therefore, in a legal sense, accidental—excludes him from the benefit of the policy. The remaining clause stipulates for a further exemption of the appellee's liability, in the event that intentional injuries are inflicted upon the insured by himself, or any other person. It is contended by the appellant that the meaning of this clause is, that "if the injured intentionally inflicted injuries upon himself, or if any other person intentionally inflicted injuries upon him with his consent, or at his instance, then the appellee should not be liable." A moment's reflection will show that the clause will not admit of this construction. The clause, when placed in juxtaposition with its antecedent, reads as follows: "No claim shall be made under this ticket when the death may have been caused by intentional injuries inflicted by the insured or any other person." The sentence, though awkwardly expressed, is complete, and clearly expresses the idea that if the insured intentionally injures himself by the infliction of bodily wounds from which he dies, he thereby breaks the condition of the policy; or that if he is intentionally injured by any other person by the infliction of bodily wounds from which he dies, the condition of the policy is thereby broken; therefore, to add the words, "with his consent, or at his instance," would have the effect of torturing the

meaning of the language used beyond its legitimate import.

By the terms of the contract, the company undertakes to indemnify against death or injury effected "through external, violent and accidental means."

By virtue of this undertaking, the company would be liable, if the death or injury should be effected by any external and violent means whatever, that was, as to the insured, accidental, except in so far as the company, by the proviso, limited its liability; for it is a well-known rule of construction that where the undertaking of a party is expressed in general terms, as in this case, and specified things, as in this case, are excepted from the operation of the general terms, such terms are to be construed as covering all things coming within their scope, except those that are expressly excluded. As, therefore, the assassination of Hutchcraft was as to him an unforeseen event—a casualty—his taking off was through external, violent, and accidental means; but we also think the clause of the proviso that excludes the appellee's liability in case death or injury is intentionally inflicted by any other person, applies to this case. We think, however, that said clause was intended to apply to such injuries by other persons as are intentionally directed against the insured, and not to such injuries as the injured may receive at the hands of third persons who are attempting to do mischief generally; or who are attempting to injure any particular individual, other than the insured, or class of individuals, or any kind of property; for in such cases it can not be said that the injuring was intentionally aimed directly and individually at the insured.

The judgment of the circuit court overruling the demurrer to the appellee's answer is affirmed.