GENERAL ACCIDENT, FIRE & LIFE ASSUR. CORPORATION, Limited,
v. STEDMAN.

(Court of Civil Appeals of Texas. Texarkana. May 30, 1912. On Motion for Rehearing June 13, 1912.)

1. INSURANCE (§ 530*)—ACCIDENT INSURANCE —EXTENT OF LOSS.

Under an accident policy for $400, providing that the insurer's liability for injury "fatal or otherwise," "or from injuries intentionally inflicted upon the assured by any person other than himself," should be one-fifth of the amount otherwise payable thereunder, such clause, though separated from other contingencies only by a comma, was subject to the qualifying terms "fatal or otherwise" relating to the specified contingencies, and the beneficiary on the assassination of assured by some unknown person was entitled to recover only one-fifth of the amount of the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1309, 1316, 1317; Dec. Dig. § 530.*]

On Motion for Rehearing.

2. COSTS (§ 237*) — APPEAL — REVERSAL IN PART.

An insurer defending suit on an accident insurance policy by the administrator of the assured and impleading the beneficiary, for whom judgment was rendered for $400, the full amount of the policy, and, on appeal having the judgment reduced, was entitled to recover all costs incurred by it in the court below in resisting the administrator's action.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 906, 929; Dec. Dig. § 237.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by G. P. Stedman, administrator of the estate of Mack Noland, deceased, against the General Accident, Fire & Life Assurance Corporation, Limited, with interpleader by Solomon Fisher. Judgment for Fisher, and defendant appeals. Reformed and rendered.

Young & Abney, of Marshall, for appellant. P. M. Young, M. B. Parchman, W. C. Lane, and W. H. Strength, all of Marshall, for appellee.

HODGES, J. On December 22, 1908, the General Accident, Fire & Life Assurance Corporation, Limited, of Perth, Scotland, issued to Mack Noland a policy of insurance by which it insured him against injuries and death resulting from accidental causes. The full amount to be paid in the event of death within the terms of the policy was $400, and Solomon Fisher, Noland's nephew, was named as the beneficiary. On September 7, 1910, Mack Noland was assassinated by some unknown person. He lived about thirty minutes after the infliction of the wound. On January 5, 1911, G. P. Stedman, as the administrator of the estate of Noland, filed this suit against the assurance company for the collection of the full amount of the policy, alleging that Noland had been assassinated by the beneficiary, Sol Fisher, and claiming that Fisher had thereby forfeited his rights to the benefit. The assurance com-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

pany answered, admitting the execution of the policy, and that it was still a subsisting demand against it according to its terms, but claimed that by those terms it was only liable for one-fifth of the face of the policy, that it had never denied its liability for that amount, and was ready and willing to pay that sum to the person entitled to receive it, and had been since proof of death was made. It further alleged that, under the facts stated in the plaintiff's petition, it was uncertain as to whom that sum should be paid, whether Stedman or Fisher, and asked that those parties be required to interplead in order that such issue might be determined by the court. It tendered in court the sum of $80 and asked to be discharged. It also asked for attorney's fees in the sum of $25 and costs of suit. Fisher answered, denying that he had caused the death of Mack Noland, and claimed the full amount of the policy. Upon the trial before the court, a judgment was rendered in favor of Fisher for $400. The judgment also contained another provision, from which it appeared that Fisher and Stedman had entered into an agreement by which the sum recovered was to be divided between them, and that such agreement was respected by the court. From that judgment the assurance company alone has appealed.

[1] Appellant complains that the court erred in rendering judgment against it for more than $80, or one-fifth of the policy. The extent of the appellant's liability depends exclusively upon the construction that should be given to the policy. That instrument appears to be such as are usually and ordinarily issued in writing insurance against injuries, fatal or otherwise, resulting from accidental causes. The only provision of the policy which is important to be considered in this connection is the following: "General Agreements. (J) In event of injury, fatal or otherwise, of which there shall be no external and visible marks on the body; or injury, fatal or otherwise, or disability wholly or in part due to, or resulting directly or indirectly from any gas, vapor, narcotic, anæsthetic or poison, or from rioting or strikes, or from exposure to obvious risk of injury, or known danger, or from injuries intentionally inflicted upon the assured by any person other than himself or received by him while insane; or injury or loss, fatal or otherwise, received as the result of or while violating law, the rules of a corporation or the rules of a public carrier affecting the safety of its passengers, or being under the influence of any narcotic, intoxicant, or on the right of way, bridge, trestle or other property of a railway corporation other than stations, platforms and regular crossings prescribed by law, not being at the time passenger or employé of such railway in the discharge of duty, then and in all such cases referred to in this paragraph, the limit of the corporation's liability shall be one-fifth of the amount that would otherwise be payable under this policy, anything herein to the contrary notwithstanding. In the event of a loss hereinbefore particularly designated as a specific total loss, no claim shall exist for compensation other than that specifically provided for such loss, and in no event shall the corporation be liable under paragraph C for more than one of the losses named therein."

The appellees insist that the omission of the words "fatal or otherwise," in connection with the clause "or from injuries intentionally inflicted upon the insured by any person other than himself or received while insane," indicates a purpose on the part of the assurance company not to include within this excepting clause injuries which are fatal; hence those injuries fall within and are covered by the general terms of the policy. This general agreement seems to be divided into dependent clauses separated by semicolons. The words "in the event of" are supplied by implication at the beginning of each succeeding clause, after the word "or." According to the view taken by the appellees, the clause beginning with the words, "or from injuries intentionally inflicted upon the insured," etc., though separated from the what precedes only by a comma, should be treated as a distinct and independent clause. If that construction be the correct one, then the reading in full would require the words "in the event of" to be supplied after the word "or." The sentence would then read, "or in the event of from injuries," etc. This would so alter and disarrange the grammatical construction of that sentence as to make it altogether improbable that it was intended to be so treated. If the language "or from injuries intentionally inflicted upon the insured by any person other than himself," etc., is to be regarded as a portion of the clause following the next preceding semicolon, then it must be held that it was intended to be subject to the same qualifying terms which are to be supplied to all of the contingencies theretofore stated. We think the court erred in construing the policy as he did and in rendering judgment for more than one-fifth of its value.

Appellant also assigns error to the refusal of the court to allow reasonable attorney's fees. It is evident that that question was not passed upon by the court, because, under the construction given to the policy, that would not have been an issue. Under the facts of this particular case, we do not think the appellant is entitled to recover attorney's fees, nor the costs in the court below. The judgment, however, will be reformed and here rendered in favor of the appellee Solomon Fisher against the appellant for the sum of $80 with interest thereon from the date of the trial below, but the appellant is entitled to recover all costs of this appeal.

## On Motion for Rehearing.

[2] The judgment rendered in this case by this court will be revised in the following respects: Judgment for Solomon Fisher against the appellant for the sum of $80, the judgment to bear no interest except from this date. The appellant is entitled to recover all costs incurred by it in the court below in resisting the suit instituted by G. P. Stedman, administrator. The motion for a rehearing to that extent is granted, and the judgment will be so reformed.