## Aetna Life Insurance Company v. Rustin.
### Casualty Company of America v. Same.
## Fidelity & Casualty Company of New York v. Same.
### Traveler's Insurance Company of Hartford, Connecticut v. Same.

(Decided December 10, 1912.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, First Division).

1. Burden of Proof.—The burden of proof rests upon the party who would be defeated in the action if no evidence were given on either side.

2. Insurance, Life—When Insured Killed By Another—Recovery.— Under a policy insuring the life of a person against death resulting directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means, a recovery may be had where the insured is killed by another intentionally.

3. Evidence—Rebuttal Evidence—Discretion of Court in Allowing. —The discretion of the court in allowing evidence in rebuttal, will not be reviewed unless palpably abused.

4. Insurance, Accident—Self Inflicted Wound—Inflicted by Consent.—There can be no recovery under an accident policy if the wound was inflicted by the assured himself or was inflicted intentionally by another with his consent or procurement.

5. Insurance, Accident—Limitation Upon Company's Liability.— When there is a limitation upon the company's liability not referred to in the general clause, but set out in a separate and subsequent clause, the plaintiff need not plead facts showing that the exception did not apply, the burden being on the defendant to bring itself within the exception.

6. Verdict—When Will Not Be Set Aside.—The verdict of a jury will not be set aside on the ground that on all the evidence the case for the plaintiff is no stronger than that for the defendant. The verdict must stand unless palpably against the evidence.

MARION W. RIPY, BENNETT H. YOUNG for appellant Casualty Company.

FRED FORCHT, JR., EDWIN A. JONES for appellant Fidelity & Casualty Company.

TRABUE, DOOLAN & COX, WILLIAM BROCKSMITH and R. C. DICKENSON for appellant Travelers Insurance Company.

KOHN, BINGHAM, SLOSS & SPINDLE for appellant Aetna Life Insurance Company.

F. J. MAHONEY, WM. MARSHALL BULLITT and BRUCE & BULLITT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

These suits were brought by Grace H. Rustin against appellants to recover on certain policies issued by them on the life of her husband, Dr. Frederick Rustin, of Omaha, Nebraska. The policies insured against death "resulting directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means." The defendants denied the allegations of the petition, and pleaded in substance that Dr. Rustin either killed himself or procured another to kill him. There was a trial before a jury which resulted in a judgment in favor of the plaintiff. The defendants appeal.

1. It is urged that the appellants had the burden and were entitled to the concluding argument but they, did not assert this at the opening of the trial, and nothing was said about it until the evidence had all been introduced and the court had given the jury his instructions. The defendants then asked to be allowed to make the concluding argument. The motion was properly overruled. Under the pleadings if no evidence had been given on either side the plaintiff would have been defeated. (Civil Code, Sec. 526.)

2. The court did not err in refusing to instruct the jury peremptorily to find for the defendants at the conclusion of the plaintiff's evidence. If the evidence for the plaintiff was true a *prima facie* case was made out for her. (Hutchcraft v. Travelers Ins. Co., 87 Ky., 300; Campbell v. Fidelity & Casualty Co., 109 Ky., 661.) Her proof showed that her husband was found on the porch of his residence shot in the abdomen, and that he said when found that a man had shot him. It is not presumed on these facts that he procured a man to shoot him or that he had done anything wrong which brought on the shooting.

3. There was no substantial error in the introduction of evidence in rebuttal. The trial court has a discretion in this matter and we do not see that it was abused.

4. The court by its instructions clearly submitted to the jury the issue. By the first instruction he told the jury as follows:

"If the jury believe from the evidence that the wound which caused the death of Frederick Rustin was inflicted accidentally, either by himself or by another, or that it was inflicted intentionally by another without the consent or procurement of Frederick Rustin, then the law is for the plaintiff."

The second instruction is in these words:

"But if the jury believe from the evidence that Frederick Rustin committed suicide, sane or insane, or that the wound which caused his death was inflicted intentionally by another with the consent or procurement or Frederick Rustin, then the law is for each of the four defendants named in the foregoing instruction and the jury should so find."

These instructions aptly submitted to the jury the case as made by the evidence as to the first three appellants. The policy issued by the Travelers Insurance Company is as follows:

"The Travelers Insurance Company of Hartford, Connecticut, in consideration of the warranties hereinafter set forth, and of twenty-five dollars, does hereby insure Frederick Rustin, of Omaha, Count of Douglas, State of Nebraska, under classification preferred (being a physician by occupation) for the term of twelve months from September 13th, 1904, against bodily injuries effected through external, violent and accidental means, as specified in the schedule below. The principal sum of this policy in the first year is $5,000, with 5 per cent increase annually for ten years amounts to $7,500. Each consecutive full year's renewal of this policy shall add 5 per cent to the principal sum of the first year until such additions shall amount to 50 per cent, and thenceforth so long as this policy is maintained in force the insurance shall be for the original sums plus the accumulations theretofore granted.

"SCHEDULE OF INDEMNITIES.

"(Here follows Schedule.)

"In event of death the principal sum insured shall be paid to Grace H. Rustin (the beneficiary) if surviving, otherwise to the executors, administrators, or assigns of the insured.

"WEEKLY INDEMNITY.

"(Here follows provisions as to weekly indemnity.)

"The policy then contains under the head of double payments and special payments, provisions on these

subjects; these are followed by other clauses on the second page of the policy limiting the liability of the company in certain contingencies. One of these clauses is as follows:

"In the event of death, loss of limb or sight, or disability caused by gas, vapor or poison, or by injuries intentionally inflicted upon the insured by any other person, sane or insane (except assaults committed for purpose of burglary or robbery), the company shall pay but one-tenth of the amount otherwise payable for bodily injuries covered hereby, anything to the contrary in this policy notwithstanding."

As to the Travelers Insurance Company the court instructed the jury as follows:

"a. If the jury believe from the evidence that the wound which caused the death of Frederick Rustin was inflicted accidentally, either by himself of by another; or that it was inflicted intentionally by another, without the consent or procurement of Frederick Rustin, in an assault committed by such other person, if any, for the purpose of burglary or robbery, then the law is for the plaintiff as against the Travelers Insurance Company, and the jury should award the plaintiff the sum of $5,-870, with interest at the rate of six per cent per annum from January 10, 1909.

"b. If the jury believe from the evidence that the wound which caused his death was inflicted intentionally by another, without the consent or procurement of Frederick Rustin, and not in an assault committed by such other person, if any, for the purpose of burglary or robbery, then the law is for the plaintiff as against the defendant, the Travelers Insurance Company, and the jury should award the plaintiff the sum of $587, with interest thereon at the rate of six per cent per annum from January 10, 1909.

"c. But, if the jury believe from the evidence that Frederick Rustin committed suicide, sane or insane, or that the wound which caused his death was inflicted intentionally by another with the consent or procurement of Frederick Rustin, then the law is for the defendant, the Travelers Insurance Company and the jury should so find.

"d. 'Burglary,' as used in these instructions means the breaking and entering of a dwelling house of another in the night time with the intent to commit a felony therein.

" 'Robbery' means the taking with intent to steal of personal property; in possession of another, from his person, or in his presence, by violence or by putting him in fear."

The jury found for the plaintiff the full amount of the insurance and the company insists it can be held liable in any event under the evidence for only ten per cent of the amount of the policy.

The evidence as to how Dr. Rustin came to his death is by no means satisfactory. Between two and three o'clock in the morning a pistol shot was heard. His wife, who was up stairs, went down to the front door and there found her husband shot in the abdomen. No one heard any altercation in the street or on the front porch where he was found; no pistol was found on him or about him. Where he had been for two or three hours before this is not shown by the evidence, and no one knows how he came to his residence. The sound of the pistol indicated that it was fired on the porch or near the front of the house. No one was seen or heard running therefrom. His pocket book and watch were upon his person, and no other fact was established in the evidence tending to show an assault for robbery or burglary. He did not explain how he came to be shot except to say that a man shot him. If he was shot by another accidentally the full amount of the policy may be recovered, but if he was shot by another intentionally the full amount of the policy cannot be recovered unless the shooting was done in an assault committed for the purpose of burglary or robbery.

We have held in a number of cases that if on one state of case the plaintiff may recover, and on another he cannot recover and the evidence for the plaintiff tends no more strongly to prove the first state of case than the second, no recovery can be had. It is insisted for the Travelers Insurance Company that this rule should be applied here, as the evidence fails to show how the shooting occurred. But the argument misapplies the rule. The rule has been applied only in those cases where the plaintiff had to show a certain state of facts in order to recover, and the evidence offered by the plaintiff to show these facts tended no more strongly to establish them than it did to establish another state of facts under which the defendant would not be liable. The plaintiff here made out a *prima facie* case when she showed that her husband had been shot; for the pre-

sumption against suicide was strengthened by the proof that no pistol was found about him or about the premises, and the nature of his wound was such that he must have been shot practically where he was when found. In addition to this he said when found that a man had shot him. As the plaintiff had thus made out her case, it then devolved on the defendant to show that the clause limiting its liabilty applied. It will be observed that in the general clause of the policy containing the defendant's promise to pay, there is no qualification or exception and no reference to the subsequent part of the policy containing the limitations upon its liability. In Stephen on Pleading, side page 443, the learned author, after showing that an exception contained in the general clause must be negatived, adds:

"Hence, if a statute or a private instrument contain in it, first, a general clause, and afterwards a separate and distinct clause, which has the effect of taking out of the general clause something which would otherwise be included in it, a party relying on the general clause in pleading may set out that clause only, without noticing the separate and distinct clause which operates as an exception."

Under this rule it was unnecessary for the plaintiff to allege facts showing that the limiting clause did not apply, and it not being necessary for her to allege these facts, it was not necessary that she should in the first place prove them. The burden was on the defendant both to allege and prove them, and it was a question for the jury on all the evidence in what manner the deceased came to his death. The case, therefore, for the Travelers Insurance Company is practically the same as for the other defendants.

6. The ground chiefly relied on for reversal as to all the appellants is that the verdict is palpably against the evidence. We have gone over the record with great care and have made an abstract of the testimony which we have placed with it; our conclusion is on this branch of the case that we ought not to disturb the finding of the jury. It would serve no good end to extend this opinion by setting out the evidence in detail. There is much in the proof offered by defendants to sustain their view. But after all the case turned largely on the credibility of the witnesses and in view of all the facts and circumstances, we cannot say that the verdict of the jury is palpably against the evidence.

The constitutional guaranty of trial by jury would be of little value if new trials were granted by the court in all cases where on all the evidence it seemed as probable to the court that a state of case existed under which the defendant was not liable, as that a state of case existed under which the defendant was liable. As the law has established this means of trial, the verdict of the jury must stand unless we can say that it is palpably against the evidence. It is not sufficient that we would have reached a different conclusion. There is much evidence on behalf of the defendants tending to show that Dr. Rustin either shot himself or procured another to shoot him, and not a few circumstances tending to support this conclusion. But a great part of this evidence comes from a woman of confessedly bad character, and from a man confessedly mentally unbalanced. While their testimony is in some respects confirmed by other evidence, we all know how the effect of a fact may be changed by a slight coloring of its setting. The jury had a right in their discretion to give little weight to the testimony of these witnesses, and if we leave out of view their testimony, the key stone of the arch of appellants' defense is taken away.

Judgment affirmed.