## Security Life Insurance Company v. Black, Jr.'s Admr.

(Decided February 24, 1922.)

### Appeal from Ohio Circuit Court.

1. Appeal and Error—Former Appeal.—The opinion of this court upon a former appeal is conclusive on a subsequent appeal of all

questions that could have been raised as well as those that were then raised, unless reserved, but where a different question of fact was submitted upon the second trial the former opinion is not conclusive as to whether or not the verdict on the second trial is flagrantly against the evidence, since that question could not have been raised on the first appeal.

2. Appeal and Error—Verdict.—A verdict of a properly instructed jury will not be disturbed solely upon the ground that it is contrary to the evidnece unless it is so flagrantly so as to be clearly the result of passion or prejudice. It is not sufficient that we might have reached a different conclusion.

J. S. GLENN for appellant.

HEAVRIN & MARTIN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant issued to Frank Black, Jr., an insurance policy upon his life for $1,000.00 which it declined to pay upon proof of his death because of alleged false representations by decedent in his application for the policy. These representations were that no member of his family ever had consumption. A former judgment in favor of appellee was reversed because of error in the instructions, and in that opinion we expressly held not only that there were no other errors upon that trial but that "the evidence was such as required the issue as to the substantial truth of the statements of the insured upon these subjects to be submitted under proper instructions to the jury." 190 Ky. 23, 226 S. W. 355.

Upon the return of the case to the lower court it was retried upon substantially the same evidence, except that each party introduced one new witness in support of his contention, and as is admitted upon instructions which conform to our former opinion.

No objection was made to any of the new evidence introduced, and the only contention therefore that is or could be urged upon this second appeal by the company is that the verdict is flagrantly against the evidence. Counsel for the appellee contend that even this question is foreclosed by the former opinion because it could have been raised on that appeal. The question of law involved in this contention is thoroughly established, but counsel are mistaken about the facts. The question submitted to and decided by the jury on the first trial was whether or

not the representations were made by deceased in good faith. Obviously appellant could not have insisted upon the appeal from that judgment that the verdict was flagrantly against the evidence upon the question of whether or not the representations were false, which was not submitted to that jury. This question having been submitted to and decided by the jury only on the last trial the appellant for the first time now has the opportunity to question the sufficiency of the evidence to sustain the verdict thereon, and the former opinion does not, of course, preclude his so doing.

2. This court, for excellent reasons, is quite reluctant to set aside the verdict of a jury solely upon the ground that it is contrary to the evidence, and will not do so unless it is so flagrantly against the evidence as to be clearly the result of passion or prejudice. It is not sufficient that we might have reached a different conclusion. Aetna Life Ins. Co. v. Rustin, 151 Ky. 103, 151 S. W. 366; National Council of Knights and Ladies of Security v. Wilson, 147 Ky. 293, 143 S. W. 1000.

Two physicians who had attended decedent's father, who admittedly died of pneumonia, testified that in their opinion he had tuberculosis of the lungs or throat for a long time before he died, and that they had treated him for that disease. It was upon the testimony of these doctors that appellant relied to sustain its burden of proving that deceased had falsely represented a material fact. Each of these physicians admitted, however, that the approved and best test for determining whether or not a person is afflicted with consumption is an examination of the sputum and that this was not made. For appellee ten neighbors of the father who qualified as non-experts and one physician who frequently saw but never treated him, testified that while never a robust man he had not exhibited to them any of the well known symptoms and evidences of this disease which is so prevalent and easily recognized that when of long standing it usually cannot be concealed from even casual acquaintances.

The evidence for both sides as to whether or not the mother had consumption is practically the same as with reference to the father.

That the jury under the circumstances accepted the evidence of ten non-expert and one expert witness rather than two expert witnesses, even though the latter had the better opportunity for observation, is not sufficient to

enable us to say that the verdict is so flagrantly against the evidence as to show clearly or at all that it was the result of prejudice or passion.

Wherefore, the judgment is affirmed.