## Bryant's Administrator v. Kentucky Central Life and Accident Insurance Company.

(Decided November 30, 1926.)

### Appeal from Harrison Circuit Court.

Insurance—Evidence of Insured's Robbery and Death Held to Sustain Recovery for Natural, Rather than Accidental Death.—Where deceased was found in shanty, beaten to death, furniture being upset and valuables gone, door being fastened from outside, recovery for natural death under life policy held proper, after direct verdict for defendant insurer; plaintiff not being entitled to recover under policy's accidental death clause.

SWINFORD & SWINFORD for appellant.

T. E. KING and PETER, LEE, TABB & KRIEGER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In this suit to recover $1,000.00 upon a life and accident insurance policy, issued by appellee company, the court at the conclusion of the evidence sustained a motion by the insurance company to direct a verdict in its favor on a claim for accidental death, and directed the jury to find and return a verdict for the administrator in the sum of $100.00 as for the natural death of Bryant, according to the terms of the policy. Complaining of the judgment entered upon this verdict the administrator appeals.

The policy was issued May 7, 1923, and Bryant died March 13, 1924, while the policy was in full force and effect. The insurance company offered to confess judgment for $100.00, the amount due under the policy for natural death, but declined to pay $1,000.00, the amount fixed in the policy for accidental death. Bryant, a colored man, lived alone in a shanty on an alley in Cynthiana. He was a porter and janitor and had charge of the cleaning of several offices and places of business, out of which he made a very nice income, saving a part of it. He had plenty of good clothing, including some silk shirts and several suits and overcoats. He kept his money on his person. On Saturday he was going about his duties in the usual way and appeared to be in good health. On Sunday morning, when some one visited his shanty, they found the door fastened from the outside. When they entered they discovered Bryant lying on the bed in an un-

conscious condition, his body covered with bruises and one or more contusions from which blood was oozing. The furniture in the room was upset, the stove turned over and the bed clothing in confusion. His money, clothing and other valuables were gone. Bryant never regained consciousness and died within a few hours.

This action was brought upon the theory of the administrator of Bryant that his death was the result of external, violent and accidental means within the meaning of those words as employed in the policy contract. The policy in part reads:

"The Kentucky Central Life and Accident Insurance Company, subject to the provisions printed on the face and back hereof, will pay to the beneficiary named in said schedule

### One Thousand Dollars

within twenty-four (24) hours after satisfactory proof has been furnished the company at its home office, Anchorage, Kentucky, of the death of the insured, resulting directly and independently of all other causes through external, violent and accidental means, provided death of the insured occurs within ninety (90) days from date of accident, provided the company shall not be liable for the payment of any sum whatsoever (except indemnity for natural death as provided in clause five), if such injury be sustained at a time when the insured is insane, or not in the present full possession and normal exercise of all his faculties."

The schedule then follows:

| Policy No. | Name of Insured | Age next birthday | Weekly premium |
|---|---|---|---|
| X-105949 | William Bryant | 46 | 25c |

| Maximum Amount of Insurance | | | Beneficiary |
|---|---|---|---|
| Accidental death | Natural death | Weekly Ind'ty | Estate |
| $1000.00 | $100.00 | $10.00 | |

Paragraph 4 of the policy in part provides:

"Accidental death, dismemberment or weekly indemnity shall not be payable for, or, as a result of bites or stings of insects, ptomaines, fits, vertigo, cerebral hemorrhage, orchitis, hernia, etc., etc.; . . . or for injury that is self-inflicted or *intentionally inflicted upon the insured by any other sane or insane person, or sustained* by the insured in war or riots, or while engaged in mining or aerial navigation, baseball or football; or at a time when the insured is delirious or under the influence of any narcotic or intoxicant; or *while fighting or violating any law;* or for any poison taken internally, or alcoholism in any form."

Paragraph 5 reads:

"If the death of the insured results from natural causes, or from any injury not covered by the accidental death indemnity provided for in this policy, as set out in the foregoing paragraph, the company will pay the beneficiary the sum of *one hundred dollars* ($100.00) within twenty-four (24) hours after satisfactory proof of death has been furnished the company at its home office, Anchorage, Kentucky."

The answer, after traversing some of the material averments of the petition, pleaded and relied upon clause 4 of the policy contract, copied above. Further pleading the company in its answer averred that Bryant was addicted to the use of narcotics and intoxicants, which fact was unknown to it at the time the policy was delivered; that Bryant was at the time of his death under the influence of some narcotic or narcotics unknown to the company, or that he was at the time under the influence of some intoxicant or intoxicants unknown to the company or that he was at the time under the influence of a combination of narcotic or narcotics and intoxicants, and that his death resulted from the effects of such narcotic or narcotics or from intoxicant or intoxicants, or that his death resulted from the combined effect of both, or that he died as the result of a poison taken internally or from alcoholism in some form unknown to the company, or from some cause unknown to the company suffered at the time when he was delirious or under the

influence of a narcotic or intoxicant. It was also averred that Bryant died from a cause against which he was not insured by the company in the policy declared upon.

On this appeal the administrator insists that the trial court was not authorized, by the facts proven in evidence, to direct a verdict for the insurance company upon the claim for accidental death, and urges a reversal of the judgment upon this ground. The evidence was brief and in substance as set out above. No one was able to tell how Bryant came to his death, but all the surrounding circumstances point to robbery. For instance, the door was fastened from the outside, a thing Bryant could not have done. He had been beaten and sustained many injuries on his head and body; his room was upset, indicating a struggle, and his money and valuables were gone, proving that the intruder had succeeded in overcoming Bryant and accomplishing the robbery designed, carrying away the swag, and fastening the door from the outside, leaving Bryant in his room to die. That the bruises on the body of Bryant which brought about his death were inflicted in an effort to perpetrate the crime of robbery can not be doubted from the facts and circumstances. The question is, were these injuries sustained solely through external, violent and accidental means, independent of all other causes as employed and qualified in the policy? If so, they were covered by the accidental death clause of the policy, and if not, his administrator is entitled to recover only under the clause of the policy awarding $100.00 for natural death of the insured.

The insurance company calls atention to the clause in the policy which says that "accidental death . . . shall not be payable for or as a result of . . . injury that is self-inflicted or intentionally inflicted upon the insured by any other sane or insane person . . . or while fighting or violating any law." Bryant was not insured against injury or death inflicted or suffered while fighting, whether rightfully or wrongfully; nor was he insured against injuries received or inflicted intentionally, whether rightfully or wrongfully, by any other person, sane or insane. Hutchcraft v. Travelers' Insurance Company, 87 Ky. 300. The circumstances and facts presented to the jury prove, if they prove anything, that Bryant received the bruises and injuries upon his head and body at the hands of some person whose object was robbery, and who intentionally inflicted the bruises and injury upon

Bryant for the purpose of overcoming him and taking his money and property. By the plain terms of the policy contract Bryant was not insured against death resulting from injuries intentionally inflicted, or injuries or death suffered or resulting to him while fighting. These terms of the policy seem to be of equal dignity with other terms thereof, printed in the face of the policy, and we can find no reason why such terms should not be enforced the same as those terms of the policy which require the company to pay under certain states of case. The parties, consisting of the insurance company and Bryant, had a right to enter into such a contract containing such terms and limitations, and when they did so they were each bound thereby. Although there was a directed verdict for the defendant insurance company, the court entered judgment in favor of the administrator of Bryant against the company for $100.00 on the policy for natural death. No complaint is made of this. No reason has been shown why the judgment should be reversed; it is, therefore, affirmed.

Judgment affirmed.