### Smith v. Federal Life Insurance Company.

(Decided March 18, 1927.)

### Appeal from Casey Circuit Court.

Insurance.—Shooting of insured by another, though not provoked or foreseen by insured, held not to entitle him to recovery under policy insuring against injury by external, violent, and accidental

means, where policy did not cover disability from intentional injury inflicted by self or any other person, excepting assaults for robbery or burglary.

HUGH P. COOPER for appellant.

CHAS. F. MONTGOMERY for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee issued to appellant a policy insuring him against injury or death by external, violent and accidental means. The policy contained the following proviso:

"This policy does not cover disability . . . resulting from intentional injury inflicted by himself or any other person (assaults for the purpose of robbery or burglary excepted), whether fatal or nonfatal."

Appellant, who was the plaintiff below, filed this action seeking to recover $625.00, and in his petition alleged "that on the 10th day of April, 1925, and while the said insurance contract was in full force and effect, the plaintiff, Smith, was shot through the body by a ball from a pistol and thereby instantly, seriously and intentionally injured by Oscar Fair. That said shooting was not provoked, designed or anticipated by plaintiff, nor was it foreseen by plaintiff in time to have been avoided, and plaintiff was thereby externally, violently and accidentally injured." A demurrer was sustained to the petition, and, the plaintiff refusing to plead further, judgment was entered dismissing his petition, and from that judgment he has appealed.

In Hutchcraft's Executor v. Travelers' Ins. Co., 87 Ky. 300, 8 S. W. 570, an accident policy contained this proviso:

"And no claim shall be made under this ticket when the death or injury may have been caused . . . by intentional injuries inflicted by the insured or any other person."

In that case the insured was assassinated for the purpose of robbery, and it was held that, though the insured's death was through external, violent and accidental means, yet the clause of the policy that excluded lia-

bility in case death or injury was intentionally inflicted by any other person applied and recovery was denied. Appellant insists that the rule announced in the Hutchcraft case was modified in American Accident Co. v. Carson, 99 Ky. 441, 36 S. W. 169, 34 L. R. A. 301. In that case, however, the policy provided that the insurance should not "extend to or cover intentional injuries inflicted by the insured or any other person, or injury or death happening while the insured is insane or under the influence of intoxicating drinks or narcotics," and it was held that the language differed from that used in the excepting clause in the Hutchcraft case in that death caused by intentional injuries inflicted by the insured or any other person was not excepted from the provisions of the policy. The court said: "The words 'injury or death,' and 'injury or killed,' are used in this policy some eight times or more, and seemingly in sharp contrast, and the significant omission of the word 'death' in this particular clause requires us to hold that the exception referred only to nonfatal injuries intentionally inflicted by the insured or any other person." We are unable to distinguish this case from the Hutchcraft case, and we are of the opinion that the injury sustained by appellant clearly comes within the class of injuries excepted by the policy.

Judgment affirmed.