# Oaks' Administrator v. Standard Accident Insurance Company et al.

(Decided October 8, 1929.)

R. L. POPE and J. B. JOHNSON for appellant.

TYE, SILER, GILLIS & SILER for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Oaks carried an accident insurance policy in the Provident Life & Accident Company of Chattanooga, Tenn., the policy having first been issued by the Standard Accident Insurance Company of Detroit. In May, 1927, Oaks was killed by a pistol shot intentionally fired by another. His administrator seeks to recover on the policy contract.

By agreement the proof showed that Oaks was intentionally shot and killed by another in May, 1927, when the policy was in full force and effect; that he was not acting in his self-defense, and that he did not provoke or bring about the difficulty which resulted in his shooting and death; that the shooting was wholly unexpected to Oaks, and at the time he was shot and killed he was under the influence of some narcotic or intoxicant; that the shooting and killing was intentional on the part of the slayer, and that it was not for the purpose of burglary or robbery, and was not done in an assault incurred by Oaks while engaged in the proper performance of his occupation, and was not provoked thereby.

The insurance company defends because of this provision in the policy.

"U. This insurance does not cover accident, injury, loss of life, limb or sight, or disability which

shall result wholly or partly, directly or indirectly from war or riot, from bodily or mental infirmity, nor does this insurance cover suicide (sane or insane) or injuries, fatal or nonfatal, intentionally self-inflicted, or 'by any other person, except assault committed on the insured for the sole purpose of burglary or robbery, and assaults incurred by the insured while engaged in the proper performance of the duties of his occupation and provoked solely thereby, or injuries, fatal or nonfatal, sustained or caused while participating in or in consequence of having participated in aeronautics, nor injuries sustained by the insured while under the influence of any narcotic or intoxicant.''

Counsel for appellant argue with force and convincing clearness that the last clause in the above quotation —that is, the clause which exempts the company from liability for injuries sustained by the insured while under the influence of any narcotic or intoxicant—does not exempt it from liability for the death of Oaks while he was under the influence of any narcotic or intoxicant. The rules governing the proper construction of such clause in such a policy are reviewed and restated on this point in the case of Davis v. Massachusetts Protective Association, 223 Ky. 626, 4 S. W. (2d) 398, and all previous cases on the same point are therein cited and discussed.

But the court is not called upon to further consider this point, because counsel for appellee agree with counsel for appellant as to the proper construction of the policy on this point. They say, however, that this particular point is not involved in the case, as that was not the basis of the ruling of the trial court when the jury was instructed to return a verdict for appellee. They say that the point involved is whether the insurance company is liable when it is admitted that the fatal injury to Oaks was intentionally inflicted by another. The provision in the policy is: ''This insurance does not cover . . . injuries, fatal or nonfatal, intentionally self-inflicted or by any other person.''

The question before the court is whether the insurance company can be held responsible for the death of Oaks, when his death was intentionally caused by another person. The language of the policy is that the company shall not be held responsible for the death of Oaks, if his death was the result of injuries intentionally inflicted

by another person. We perceive no reason why the language of the contract is not binding. The insurance company was at liberty to exclude, from the hazards insured against, death intentionally inflicted by another, and it did so. The cases of Hutchcraft v. Travelers' Insurance Company, 87 Ky. 300, 8 S. W. 570, 12 Am. St. Rep. 484, Ætna Insurance Company v. Rustin, 151 Ky. 103, 151 S. W. 366, Smith v. Federal Life Insurance Company, 219 Ky. 56, 292 S. W. 470, and Davis v. Massachusetts Protective Association, supra, do not announce a contrary conclusion, but sustain the conclusion herein reached, and it is fortfied by the case of Bryant's Administrator v. Kentucky Central & Accident Insurance Company, 216 Ky. 806, 288 S. W. 766.

Judgment affirmed. ·