INTERNATIONAL TRAVELERS ASSOCIATION v. MINNIE BARNES.

No. 6148. Decided May 2, 1934.
(70 S. W., 2d Series, 703.)

*Seay, Seay, Malone & Lipscomb,* of Dallas, and *John C.*

*North* and *R. B. King,* both of Corpus Christi, for plaintiffs in error.

Where a policy provides that the company "shall not be liable to any person for an indemnity or benefit for injuries or disabilities resulting from injuries, or for death, or loss of limb—resulting from an accident to a member which happens while said member is violating any law—or injuries, fatal or non-fatal,—injury resulting fatally or otherwise inflicted by the insured on himself, while sane or insane, nor for intentional injuries inflicted on the insured by others, unless such injuries are inflicted for the sole purpose of burglary or robbery," it is manifest from the language itself that the company was not merely exempting "injuries" which merely produced disability and not exempting "injuries" which produced death under the same circumstances, and that where "accidental injuries" resulted from an intentional act, the word "injuries" included fatal injuries.   National Life & Acci. Co. v. DeLopez, 207 S. W., 160; General Accident Fire & Life Assur. Co. v. Stedman, 153 S. W., 692; Continental Cas. Co. v. Morris, 102 S. W., 773; Hewitt v. Buchanan, 4 S. W. (2d), 169.

*Boone & Raymer & Davis* and *W. E. Pope,* all of Corpus Christi, for defendant in error.

Under the terms of the policy of accident insurance issued by plaintiff in error to Jesse A. Barnes, the plaintiff in error was not exempt from liability for the death of the said Barnes if caused by the intentional act of others than the insured. Provident Life & Acci. Ins. Co. v. Johnson, 235 S. W., 650; American Acci. Co. v. Carson, 99 Ky., 441, 36 S. W., 169, 34 L. R.A., 301, 59 Am. St. Rep., 473; Roth v. Travelers Protective Ass'n of Am., 102 Texas, 241, 115 S. W., 31; Davis v. Massachusetts Pro. Assn., 223 Ky., 626, 4 S. W. (2d), 398.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Nueces County, Texas, by Mrs. Minnie Barnes against the International Travelers Association to recover on an accident insurance policy issued by the Association to Jesse A. Barnes, her deceased husband.   Trial in the district court resulted in a verdict on which judgment was entered for Mrs. Barnes for the amount of the policy with six per cent interest from March 25, 1924, amounting in all to a judgment for $7007.50.   On appeal by the Association this judgment was affirmed by the Court of

Civil Appeals. 43 S. W. (2d), 135. The Association brings error.

The Association issued to Jesse A. Barnes an accident insurance policy dated November 1st, 1918. The Association contended at the trial in the district court that this policy had been superseded by another dated August 20, 1923. This was the only issue of fact submitted to the jury. The jury found that no new policy was issued. We take it that this finding settles that issue, and will decide the case on the undisputed facts as applied to the 1918 policy.

The circumstances surrounding the death of Jesse A. Barnes were as follows: On the morning Jesse A. Barnes died the express company delivered to his home a pine box about a foot long, and a foot wide; the box was addressed to Jesse A. Barnes, 537 North Broadway. There was a return address on one corner of the box; at the time the box came Jesse A. Barnes was away from home; he returned about noon the same day, and Mrs. Barnes told him to take the box to the back porch and open it. It was tightly nailed. Barnes picked up the box and started to the back porch with it in his hands or arms, and just as he was passing through a double door it exploded. Barnes was blown to pieces by the explosion, and thereby instantly killed. None of the box was left after the explosion, and the evidence does not disclose who sent it. The return address appearing on it was fictitious.

From the above we conclude that the evidence shows beyond any reasonable doubt that the above mentioned box constituted some character of infernal machine or bomb; that it was sent to J. A. Barnes for the purpose, and with the intention of killing him, and that it did kill him.

The pertinent parts of the policy here sued on read as follows:

"I. T. A.                                                   I. T. A.

> "This Certificate insures upon the conditions therein named, against loss by accident caused through external and violent means of time, life, limb or limbs or irreparable loss of entire vision of one or both eyes, as therein limited and provided.
>
> "CLASS A
> "INTERNATIONAL
> "TRAVELERS ASSOCIATION
> "I. T. A.
> "DALLAS, TEXAS,

"Incorporated Under the Insurance Laws of the State of Texas

"CLASS A ACCIDENT INSURANCE CERTIFICATE

"In Consideration of the statements and agreements contained in the application for membership and insurance under this policy and the payment of all admission fees, assessments, premiums and dues, the INTERNATIONAL TRAVELERS ASSOCIATION (hereinafter called the Association), does accept as a member of the Accident Department of said Association

"JESSE A. BARNES,

(hereinfater called the Insured) of CORPUS CHRISTI, TEXAS, whose occupation is REAL ESTATE and does, subject to the terms, provisions and limitations in this policy and the By-laws contained, hereby insure him against loss resulting from bodily injuries, effected directly, independently and exclusively of all other causes contributing or proximate, through external, violent and accidental means, as hereinafter defined, limited and provided.

"ACCIDENT INDEMNITIES.
"LOSS OF LIFE, DISMEMBERMENT AND LOSS OF SIGHT
"ARTICLE I.                  SINGLE INDEMNITY

"If such injuries shall totally and continuously disable the insured from date of accident from performing any and every kind of duty pertaining to his occupation, and during the period of such continuous total disability, and within ninety days from date of accident, shall result, directly, independently and exclusively of all other causes contributing or proximate, in any one of the losses enumerated below, the Association will pay the sum set opposite such loss, which sum shall include any claim for disability, but only one of the payments named in this Article will be made for injuries resulting from one accident.

"Loss of Life_____$5,000.00
"Loss of both hands_____ 5,000.00
"Loss of both feet_____ 5,000.00
"Loss of both eyes_____ 5,000.00
"Loss of one hand and one foot_____ 2,500.00
"Loss of one hand_____ 1,250.00
"Loss of one foot_____ 1,250.00
"Loss of one eye_____ 1,000.00

"    *   *   *   *   *   *   *   *   *   *   *   *

"6.  The Association shall not be liable to any person for any indemnity or benefit for injuries or disabilities resulting from injuries, or for death, or loss of limb or limbs, or of the irreparable loss of the entire vision of an eye or eyes, result-

ing from an accident to a member which happens while said member is violating any law, or which shall happen on account of, or by reason of, or inconsequence of the member being in any degree under the influence of intoxicating liquors or narcotics, or which shall happen on account of, by reason of, or in consequence of, the use thereof, or for death of a member occurring through inhaling of gas, voluntarily or involuntarily, consciously or unconsciously, or in case such disabilities or injuries, fatal or non-fatal, shall occur as a result, wholly or partially, directly or indirectly, of any of the following causes, conditions or acts while the insured member was under the the influence of, or affected by any such cause, condition or act, towit: Diseases of all kinds, bodily or mental infirmity, orchitis, epididymitis, epilepsy, fainting spells, fits, vertigo, lumbago, sleep-walking, intentional or unintentional taking of poison, or from anything accidentally or otherwise taken, administered, injected, absorbed or inhaled, consciously or unconsciously, contact with poisonous ivy or other poisonous growth or substances, injury resulting fatally or otherwise inflicted by the insured on himself, while sane or insane, nor for intentional injuries inflicted on the insured by others, unless such injuries are inflicted for the sole purpose of burglary or robbery (intent to commit burglary or robbery to be established by the claimant), * * * (Here follows a long list of other exceptions.)

Paragraph "6" above quoted provides a long list of injuries excepted from and not covered by the policy. This paragraph plainly recites that it does not cover "intentional injuries inflicted on the insured unless such injuries are inflicted for the sole purpose of burglary or robbery." No contention is made that Barnes' injuries were inflicted for burglary or robbery, and the evidence is legally conclusive that his death resulted from the explosion of some kind of an infernal machine or device sent to him by some unknown person for that purpose.

In connection with the above we note that the list of injuries, and their causes named in Paragraph "6," supra, as not included in the insurance policy, is rather long, but as applied to the undisputed facts of this case Paragraph "6" can be simplified and read as follows:

"The Association shall not be liable to any person for any indemnity or benefit for injuries or disabilities resulting from injuries or for death * * * resulting from an accident to a member, * * * in case such disabilities or injuries, fatal or non-fatal, shall occur as the result wholly or partially, directly or indirectly, of any of the following causes, conditions or acts, or while the insured member was under the influence of, or

affected by such cause, condition or act, to-wit: * * * Intentional injuries inflicted on the insured by others unless such injuries are inflicted for the sole purpose of burglary or robbery."

When read as indicated it appears beyond any substantial doubt that the contract by its very terms excepts from its insurance, "intentional injuries inflicted on the insured by others," and it further, as conclusively appears, that such exception applies to fatal as well as non-fatal injuries. National Life & Ac. Ins. Co. v. DeLopez (Civ. App.), 207 S. W., 160; General Acc. F. & L Assur. Corp. v. Stedman (Civ. App.), 153 S. W., 692; Continental Cas. Co. v. Morris (Civ. App.), 102 S. W., 773; Hutchcraft's Ex'r. v. Travelers' Ins. Co., 87 Ky., 300, 8 S. W., 570.

As we interpret the opinion of the Court of Civil Appeals it holds that it is substantially doubtful whether or not the exception under discussion includes fatal injuries. The Court of Civil Appeals then resolves this doubt against the insurer and holds that fatal injuries are not intended to be included. The case of American Accident Co. v. Carson, 99 Ky., 441, 36 S. W., 169, is cited as authority for this holding. In our opinion that case is not authority to hold that fatal injuries are not included within the terms of the exception involved in this case.

In the Carson case, supra, the Kentucky Court of Appeals had before it an accident insurance policy by the terms of which Stephen M. Carson was insured against bodily injuries, effected through external, violent and accidental means,—"First, which wholly disabled him; second, such injuries as partially disabled him; third, such as resulted in the loss of an eye; fourth, loss of a hand or foot; and, lastly, loss of both hands or feet, etc., in which event the full principal sum of $5,000.00 was to be paid to the insured, if he survived, or, if he died, then to his father, A. Carson." The policy then contained the following exemption clause:

" 'This insurance does not cover disappearances; nor suicide, while sane or insane; nor injuries, whether fatal or otherwise, of which there is no visible mark upon the body; nor accidental injuries or death resulting from or caused, directly or indirectly, wholly or in part, by hernia, fits, * * *; nor extend to or cover intentional injuries inflicted by the insured or any other person, or injury or death happening while the insured is insane, or under the influence of intoxicating drinks or narcotics,' etc."

The insured was intentionally shot, and instantly killed by another person while the policy was in force. The insurance company denied liability under the terms of the exception, "nor extend to or cover intentional injuries inflicted by the insured

or any other person." In passing on this question the court held that the injuries referred to in such exception included only non-fatal injuries. This holding was based on the fact that a number of the exceptions expressly included fatal injuries, while this particular one did not. This was held to indicate an intention not to include fatal injuries in the exceptions where they were not named. We think this holding was correct as applied to the policy under construction. In this connection it will be noted that the general exception clause in the Carson policy simply stated, "This insurance does not cover," followed by a number of exceptions each complete within itself. No statement was made in the general exception clause to the effect that, this policy does not cover the following injuries fatal or non-fatal. A very different exception clause is presented by the contract in the case at bar. Here the contract, in express and no uncertain terms, in effect says that all injuries, "fatal or non-fatal" following "to-wit:" are excepted from its insurance. To hold that the mere fact that "fatal" is not repeated in the exception involved here, while it is repeated in some others following "to-wit:" evidences an intention to omit it here would be to absolutely nullify the general exception which says in effect that all injuries, "fatal or non-fatal" following "to-wit:" are excepted from the insurance. Certainly the contract should not be given a construction that would nullify one of its principal provisions.

The Hutchcraft case, cited by us, is by the same court that rendered the opinion in the Carson case, supra. In the Hutchcraft case the accident policy contained an exception clause reading: "And no claim shall be made under this ticket when the death or injury may have been caused by dueling, fighting, wrestling, lifting, or overexertion, or by suicide (felonious or otherwise, sane or insane), or by intentional injuries inflicted by the insured or any other person." The Court construed the word "death" contained in the general words of the exception clause to apply to "intentional injuries inflicted by the insured or any other person." In the Carson case the general exception clause was not so worded as to except all following injuries fatal or non-fatal; but merely stated, "This insurance does not cover," followed by exceptions some of which expressly included fatal injuries and some did not. Of course in such a policy each particular exception was treated as complete within itself, and it was determined that the inclusion of death in some of the exceptions, and the omission thereof in others evidenced an intention not to include fatal injuries in the exceptions not naming them. As already shown the policy in the instant case

comes under the rule of the Hutchcraft case, because it contains a general provision excepting all injuries following the words, "to-wit:" *"fatal or non-fatal,"* from its insurance.

In addition to the above we are directed by the Supreme Court to say that in deciding this case on what has been said by us it does not want to be understood as holding by implication or otherwise that this policy would cover Barnes' injuries absent paragraph "6" thereof. That question is simply not decided.

Because the insured met his death by intentional injuries inflicted on him by another, with no purpose of burglary or robbery, the judgments of the Court of Civil Appeals and district court are both reversed, and judgment here rendered for International Travelers Association.

Opinion adopted by the Supreme Court, May 2, 1934.