(No. 4732

RUDOLPH DREIKURS AND SADIE DREIKURS, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 26, 1959.*
*Petition of claimants for rehearing denied May 12, 1959.*

ELMER GERTZ, Attorney for Claimants.

LATHAM CASTLE, Attorney General; RICHARD F. SIMAN, Assistant Attorney General, for Respondent.

Tolson, C. J.

Dr. Rudolph Dreikurs and Sadie Dreikurs, his wife, filed their claim for injuries received by Sadie Dreikurs while attending a meeting at the Galesburg State Research Hospital, Galesburg, Illinois.

The facts of the case are as follows:

Dr. Rudolph Dreikurs, a psychiatrist of Chicago, Illinois, had given lectures at various State institutions, and was invited by Dr. Thomas T. Tourlentes, Assistant Superintendent, to appear at Galesburg for this purpose. He was paid a fee of $50.00 plus his travel expense.

When trips of this nature were scheduled, the Chicago Office of the Department of Welfare would make the necessary travel reservations, and, in this instance, the secretary to Dr. Lee, Administrative Assistant of the Department, was advised by Dr. Dreikurs that his wife would accompany him. Dr. Dreikurs, in his testimony, made it clear that he paid her travel expense, and did not bill the State.

Sadie Dreikurs, in her testimony, identified herself as a trained social worker in psychology. She stated that she was employed by several welfare agencies in Cook County, and that she was her husband's secretary, and assisted him in taking notes and preparing publications.

On January 19, 1956, Dr. Dreikurs and his wife went to Galesburg. It had snowed on January 18th, and snow fell intermittently on the 19th. Dr. Tourlentes met them at the railroad station and drove them back to the institution. On the return, he left the car in a paved

parking lot adjacent to the Administration Building; and the three occupants started walking towards it.

While walking, Sadie Dreikurs fell and suffered a bimalleolar fracture of the right ankle. Thereafter she was hospitalized. There is no dispute but what she suffered great pain, and incurred considerable expenses for hospital and medical care.

In addition to the foregoing, while being transported on a stretcher to the train, an attendant from the hospital slammed the door of the car on the large toe of her injured foot, which caused shock and further aggravation.

The amended complaint charges in substance that respondent was negligent in failing to have its walks and driveways in a clean and satisfactory condition for walking; in failing to unload the occupants at the building entrance, rather than the parking lot, which was a short distance away; and, finally, in failing to use due care when transporting Mrs. Dreikurs on a stretcher.

The evidence further discloses that a heavy snow had fallen in the area on the 18th, and that the parking lot had been plowed later in the day. On the 19th, the snow removal equipment was being used in other portions of the grounds to clear the walks and driveways.

Our inquiry is first directed to the legal status of Sadie Dreikurs at the time and place in question. The Department of Public Welfare was aware that Mrs. Dreikurs would accompany her husband, as they had made a train reservation for her. Mrs. Dreikurs, as an invitee, was, therefore, entitled to reasonable or ordinary care on the part of respondent to maintain its premises in a reasonably safe condition. This degree of care does not impose the liability of an insurer as against any accidents that may occur, but only requires that the own-

ers of premises use reasonable care. *Murray* vs. *Bedell Co.*, 256 Ill. App. 247.

Applying this test to the facts at hand, we find that respondent had removed the snow from the parking lot on the 18th, and was using its equipment and man power in other areas of the grounds at the time of the accident. It cannot be argued that respondent should have multiple pieces of equipment on hand at all times so that all areas could be cleaned simultaneously, as this is an unreasonable demand.

As to the first charge of negligence, i.e., failure to remove snow, we find that respondent had done and was doing all that a reasonable person could do under the circumstances of this case.

As to the charge of negligence, i.e., failure to unload the occupants in the driveway rather than the parking lot, we feel that the evidence does not support the charge.

As stated above, the parking lot was adjacent to the Administration Building. It was paved, and had been established for this particular convenience. It had been plowed once so that it was in a usable condition, as Mrs. Dreikurs testified at page 32 of the transcript:

"Q. Were there other cars parked in this parking area?
A. I think three or four cars."

There was nothing unusual or unreasonable in the act of Dr. Tourlentes in driving directly to the parking lot, for the evidence discloses that both Dr. Tourlentes and Dr. Dreikurs were able to walk upon the snow on the parking lot without the slightest difficulty.

Respondent argues that claimant was guilty of contributory negligence, and, in this regard, we feel the charge is not supported by the evidence. She wore galoshes. She had no way of knowing whether there was

residual ice underneath the snow, which had accumulated since the lot had been plowed. She acted as anyone else would have under similar circumstances.

Since the evidence does not support the charge of negligence or contributory negligence as to the first two counts, the only way to account for the misadventure is to accept it as an unfortunate accident.

The word "accident" is difficult to define. In its most commonly accepted meaning, the word denotes an event that takes place without one's foresight or expectation. 1 C.J. 319.

An accident, unavoidable under the circumstances, was more precisely defined in the case of *Hutchcraft* vs. *Travelers Insurance Company*, 87 Ky. 300, 85 W. 570:

"Accident to a person by his own agency, as where one is walking or running and accidentally falls and hurts himself. Here he falls by reason of his agency in walking or running, but he did not intend to fall; he did not foresee that he would fall in time to avoid it. The fall was, therefore, accidental."

Our Illinois Courts have defined the term "accident" as follows:

"The term 'accident' is used with different meanings, including unforeseen events occurring without human agency, but, as connected with conduct of persons, means an unforeseen event for which some one may or may not be responsible. *Wall* vs. *Greene*, 321 Ill. App. 161."

It is common knowledge that the northern half of Illinois is subject to miserable and many times dangerous conditions for four or five months of the year. Sleet, ice and snow make walking or driving a genuine hazard. In spite of reasonable efforts made to remove these hazards, many people are injured through no fault of their own. All who elect to live and work in this area, usually because economic conditions are better, assume a risk that does not exist in other parts of our country.

Such a truism is small comfort to one, who has undergone pain and financial loss, but our law does not

assess a penalty against anyone, where the injury complained of is the result of an accident.

As to the third charge of negligence, i.e., slamming the car door on claimant, we believe the charge is sustained.

It is virtually impossible to separate the evidence, and determine the loss occasioned by this act. Hence, the Court must be more or less arbitrary, and conclude that the pain and suffering produced a loss of $500.00.

An award is, therefore, denied as to Rudolph Dreikurs, and an award is made to Sadie Dreikurs in the amount of $500.00.

### Supplemental Opinion

On April 23, 1959, claimant filed a petition for rehearing, and alleges that the Court found negligence under the third charge, but arbitrarily only allowed the sum of $500.00 for pain and suffering.

The balance of the petition sets out the medical expenses incurred by claimant, and reported cases where substantial damages were allowed for the fracture of a leg.

In its original decision, the Court found that the fracture of the leg was the result of an accident without negligence or contributory negligence of either party. The only element of negligence found by the Court concerned the slamming of the car door against claimant's toe after she had received her injury. The evidence further disclosed extreme pain and nausea, but no effort was made by claimant to show that this injury aggravated the fractured leg, nor was there any evidence offered to show that the medical expenses were increased by it.

The substantial injury was the fracture to the leg, rather than the aggravated pain caused by the slamming of the door, and the Court, therefore, limited the award to the particular negligence.

For the reason above stated, the petition for re-hearing is denied.